**In re Alleged Dependency of Patricia Ann Tilton. Rosabel Tilton and Carl Tilton, Plaintiffs in Error.**

**Gen. No. 9,078.**

Opinion filed September 3, 1936.

GEORGE T. LIDDELL, of Rockford, for plaintiffs in error.

Robert E. Nash, State's Attorney, A. B. Louison and Max A. Weston, Assistant State's Attorneys, for defendant in error.

Mr. Presiding Justice Huffman delivered the opinion of the court.

This was a petition filed by plaintiffs in error in the county court of Winnebago county, praying that the court vacate a former decree of dependency with reference to a minor child, and restore such child to the custody of said petitioners. The petitioners were parents by adoption of Patricia Ann Tilton, a minor.

On June 6, 1933, a petition was filed in said court against said plaintiffs in error, setting forth that the child was a dependent child, as provided by the terms of the Juvenile Court Act, Ill. State Bar. Stats. 1935, ch. 23, ¶ 319 *et seq.;* sec. 190 *et seq.,* ch. 23, Smith-Hurd 1935. Upon the hearing under this petition the court found that the child was then of the age of four years, and a dependent child within the meaning of the act, further finding, ''that said parents have wholly neglected, failed and refused, and do neglect, fail and refuse to properly care for said child, and that they and each of them are unfit, improper guardians of said child, and are wholly unable and unwilling to care for, protect, train, educate, control and discipline said child, by reason whereof it has become and is dependent.'' This was a finding to the effect that the plaintiffs in error were not proper persons to have custody of the child, and that it did not have proper parental care or guardianship within the meaning of the act. The child at that time was committed to the Rockford Children's Home, according to the provisions of the act.

On April 25, 1935, the plaintiffs in error filed their petition in this proceeding in the county court under section 9c of the act, Ill. State Bar Stats. 1935, ch. 23, ¶ 330, praying that the decree of dependency as pre-

viously entered be vacated, and for the restoration of the child to their custody. Plaintiffs in error demanded a trial by a jury of six in the manner provided by sec. 2 of the act. The court denied their demand for jury, to which ruling they excepted. The cause was heard before the court, testimony introduced, and the petition for restoration of the child to the custody of the plaintiffs in error was denied. Plaintiffs in error rely upon but one point for reversal, and that is the refusal of the court to grant their demand for trial by jury.

Section 2 of the act provides that the county and circuit courts shall have original jurisdiction in all cases coming within the terms of the act, and that in all trials thereunder, any person interested may demand a jury of six. This section was under consideration in the case of *Lindsay v. Lindsay,* 257 Ill. 328, 334, wherein the court construed the section to mean that a trial by a jury of six may be had upon the demand of any person interested. It was as necessary to determine the fitness of plaintiffs in error in this proceeding, as proper persons to have the care and custody of the child, as it was to determine their fitness under the original petition filed. This resolved itself into a question of fact. We are of the opinion that it is contemplated by section 2 of the act that such questions of fact, upon the motion of any person interested or upon the court's own motion, shall be tried by a jury of six.

For the reason above assigned, the judgment and decree of the trial court is reversed and this cause remanded.

*Reversed and remanded.*