In re Petition of Russell Thompson and Montie Thompson to adopt Barbara Sue Burns, Appellees, v. Charles W. Burns and Sarah Burns, Appellants.

**Gen. No. 10,316.**

Opinion filed May 10, 1949. Re-
leased for publication May 27, 1949.

Bell, Farrar & Scott and Frederic H. Potter, all of Rock Island, for appellants; Robert G. Scott, of Rock Island, of counsel.

Wood, McNeal & Warner, of Moline, for appellees.

Mr. Presiding Justice Wolfe delivered the opinion of the court.

This is an appeal by Charles W. Burns and Sarah Burns, the parents of Barbara Sue Burns, from a decree of the county court of Rock Island county, granting the prayer of the petition of Russell Thompson and his wife, Montie Thompson, to adopt Barbara Sue, age seven years.

The petition recites that Sarah Burns consents to the adoption, as appears from her written consent filed with the petition.

Section 3–6 of the Adoption Act [Ill. Rev. Stat. 1947, ch. 4, par. 3–6; Jones Ill. Stats. Ann. 19.012(12)] provides as follows:

"Wherever in this Act the consent of any person or persons is required, such consent shall be in writing and shall be acknowledged by the person signing the same in open court, or before the clerk of the court in which the petition is filed, or such signature shall be witnessed by the duly authorized probation officer of such court or a representative of a licensed child welfare agency, or any other person designated by the court. If such consent is executed outside the State of Illinois, then, in such event, it shall be acknowledged by the person signing the same before either the Judge or the Clerk of a Court of Record.

"The person so witnessing such consent shall make an affidavit which shall be in substantially the following form:" (Here the form of affidavit is set forth.)

The consent filed with the petition, after reciting the venue and the title of the cause, is as follows: "I, Sarah Burns, mother of said Barbara Sue Burns, a

minor child, being of full age and under no disability, hereby waive service of process and enter my full appearance as a defendant in and to the above entitled cause, and consent to the entering of any and all orders herein, as fully and with the same force and effect as though I had been duly and personally served with process of summons as by statute made and provided.

''I hereby join in the petition heretofore filed herein and consent and request that the said Barbara Sue Burns may be adopted by Russell Thompson and Montie Thompson the petitioners herein. Sarah Burns (Seal) Witnessed by: Dan H. McNeal.''

There is no executed certificate of acknowledgement on the consent nor one filed in the adoption proceeding.

There is on the consent an affidavit of witnessing the signature of Sarah Burns to the consent which is made by Dan H. McNeal who states in the affidavit that he is an attorney at law. It does not appear in the record on this appeal that Mr. McNeal was designated by the county court of Rock Island to witness the signature of Sarah Burns to the consent and make the affidavit required by the statute, nor that he was a probation officer of said court or a representative of a licensed welfare agency.

Section 2–1 of the Act [Ill. Rev. Stat. 1947, ch. 4, par. 2–1; Jones Ill. Stats. Ann. 19.012(4)] provides, in part, as follows: ''Whenever the consent of either or both of the parents of the child is not presented with the petition, the court shall require that proof, by documentary evidence or oral testimony, of the reason for the failure to present such consent, shall be given at the hearing.''

Section 3–7 of the Act [Ill. Rev. Stat. 1947, ch. 4, par. 3–7; Jones Ill. Stats. Ann. 19.012(13)] provides: ''No decree of adoption except for one or more of the causes set forth in Section 4–1 shall be entered without consent by the person or persons as herein above provided.''

So far as now pertinent, it is provided in section 4–1 [Ill. Rev. Stat. 1947, ch. 4, par. 4–1; Jones Ill. Stats.

Ann. 19.012(14)] that the court wherein the petition for adoption is filed shall find that the parents of the child consent to its adoption, or

"2. That one parent consents and the other is unfit for any of the reasons hereinafter specified to have the child, or that both parents are, or that the surviving parent is, so unfit for any of such reasons, the grounds of such unfitness being: a. Depravity, b. . . . , c. . . . , d. . . . , e. abandonment of the child, f. desertion of the child for more than six (6) months next preceding the filing of the petition." Other grounds specified in section 4 dispensing with parental consent are not involved in this proceeding. Section 4 further requires that the court set forth in its decree of adoption the facts which the court is required to find as provided by the section.

No proof "by documentary evidence or oral testimony of the reason for the failure to present" the consent of Sarah to the adoption of her child, Barbara Sue, by the petitioners was introduced in evidence at the hearing of the adoption petition.

It is evident that the consent of Sarah Burns to the adoption of her child by the petitioners was the foundation of the adoption proceedings, unless there was proof at the hearing on the petition and a finding of the county court of her unfitness to have the child on the grounds stated in the Act.

The consent filed with the petition was not in compliance with the mandatory requirements of the Adoption Act requiring the acknowledging or witnessing of the signing of the consent by Sarah Burns. The purported consent furnished no valid ground or reason for a finding by the county court that Sarah Burns had consented to the adoption of her child. (*Vaughan v. Hubbard*, 38 Idaho 451, 221 Pac. 1107.)

It is contended by the appellees that the written consent filed with the petition was acknowledged by Sarah Burns on the hearing on the petition "in open court."

The summons to answer the petition was served on Sarah Burns on November 26, 1947. On December 9, she filed her general answer. Three paragraphs of her answer are as follows:

"This defendant admits that she signed the alleged consent, but states that she almost immediately afterwards changed her mind about allowing her child to be adopted and desires to withdraw her alleged consent from the files herein, and has notified the petitioners of her desire to withdraw her alleged consent to said adoption.

"Defendant admits that she did on November 11, 1947, sign an alleged consent to the adoption of Barbara Sue Burns by Russell Thompson and Montie Thompson, but alleges that the same was not done in accordance with the provisions of the Statute so made and provided and alleges that it is, therefore, void, and further alleges that she does not consent to the adoption of her said child, Barbara Sue Burns and asks the court to strike said alleged consent from the files in this case.

"That defendant did on November 18, 1947, send to Mr. and Mrs. Russell Thompson, Route 2, Amboy, Illinois, by registered mail, a demand that they turn over to her, her child, Barbara Sue Burns, and that she did on Wednesday evening, November 19, 1947, appear at the home of Mr. and Mrs. Russell Thompson and did demand her child, Barbara Sue Burns, but Russell Thompson and Montie Thompson refused to turn over her child to her."

After a hearing on the petition and the answer of Charles Burns and Sarah Burns, the court entered a decree of adoption which, among other things, finds as follows:

"On November 11, 1947, the defendant, Sarah Burns, freely and voluntarily executed an instrument in writing consenting to and requesting adoption of her child, Barbara Sue Burns, by the petitioners herein. Prior to

the execution of said instrument, viz: In January, 1942, said defendant had consented to the adoption of her third child, and said consent to the adoption of her second child, said Barbara Sue Burns, on November 11, 1947, was knowingly and freely given without any coercion or duress whatever. Said defendant then abandoned her said child, Barbara Sue Burns, and by reason of abandonment of her said child, said defendant is unfit to have said child.'' On November 13, 1947, said petitioners acted upon said defendants' written consent and request and filed herein their said petition to adopt said child, and thereafter, on the 13th day of November 1947, relying upon said consent, petitioners took said child into their care and custody and have continued to care and provide for her since said date, and bonds of affection have arisen between them and said child, Barbara Sue Burns.

This is a direct appeal from the decree of adoption and not a collateral attack against the decree. The decree must be supported by facts appearing in the evidence preserved in record that Sarah Burns acknowledged her consent to the adoption of Barbara Sue by the petitioners. (4 C. J. page 881.)

At the hearing, Sarah Burns testified in reference to the execution of the consent filed with the petition, substantially as follows: "I was at attorney McNeal's office when I signed my name to the consent. At the time I signed it I knew it was an appearance and consent to the adoption of my child, Barbara Sue. Just a few days after I signed it, I changed my mind. I realized what I did, and I was sorry for it. It was after this that I employed an attorney to do what could be done about defeating any proceeding to adopt the child out.''

It appears from the evidence that after Sarah Burns signed the consent, the petitioners took Barbara Sue to their home. Sarah Burns further testified as here stated. "I went to the Thompsons' home a few days

after—two or three—I don't remember. I went to get Barbara Sue and ask the Thompsons to turn her over to me. The Thompsons refused to return the child. After that I started habeas corpus proceeding in the Circuit Court of Lee County, at Dixon, Illinois, for the purpose of getting the child by order of court. I did not get the child as a result of that proceeding. I now feel the same as I did when I changed my mind. I don't want the child adopted out. I went to attorney McNeal's office about a week after I signed the consent and told him that I did not want to go through with the adoption.''

The testimony of Sarah Burns that she went to the office of attorney McNeal about a week after signing the consent and telling him that she did not want to go through with the adoption is not contradicted by any evidence in the record. Sarah Burns' testimony that she went to the home of the Thompsons a short time after signing the consent and demanded the return of Barbara Sue and the refusal of Mrs. Thompson to give the child to the mother, is corroborated by the testimony of Mrs. Thompson. It appears from the record that Sarah Burns instituted habeas corpus proceedings to recover her child in the circuit court of Lee county and that the writ was refused on jurisdictional grounds.

In this case the requirement of the Adoption Act that the consent of the parent shall be in writing and acknowledged in open court by the parent signing the same was necessary to the validity of the consent filed with the petition for adoption. It is an essential element of an acknowledgment taken in open court that the person who has signed the consent in some form of words admits the present validity and binding force of the instrument evidencing the parent's consent. A declaration by the parent signing an adoption consent admitting the previous signing of the consent coupled with a denial that she does not consent to the adoption

of her child is not such an acknowledgment in open court as required by the statute.

It appears from the record that the purported consent for the adoption of the minor child was signed by Sarah Burns on November 11, 1947, and Barbara Sue was delivered to the Thompsons; that on November 18, Sarah Burns went to the home of the appellees and demanded that they surrender to her, her minor child, Barbara Sue Burns, and told them that she had changed her mind and would not consent to the adoption of the child. Hearing was had on the petition for adoption on May 18, 1948. It is argued by the attorney for the appellants that she had a right to withdraw her consent for the adoption of her minor child before the court had acted upon the petition. This is denied by the appellees. There is no case bearing directly on this matter, which has been called to our attention, in either the Supreme or Appellate Courts of the State of Illinois. Courts from other States are in conflict in regard to it. It seems to us that the better rule of law supports the contention of the appellants that Sarah Burns had the right to withdraw her consent for the adoption of her minor child any time before the court had actually acted upon the petition. Therefore, the purported consent was not binding upon her.

It is our conclusion that the county court of Rock Island county erred in decreeing that the Thompsons be allowed to adopt Barbara Sue Burns, and the decree is therefore reversed.

*Reversed.*