**Charles E. Oeth and Jean Oeth, Petitioners-Appellants, v. Mary Ruth Erwin, Respondent-Appellee, and Vernal Gene Erwin and Wade B. East, Respondents.**

Term No. 55–F–6.

Fourth District.

May 2, 1955.

Released for publication May 26, 1955.

Kern & Pearce, of Carmi, for appellants.

Terryl Fuller, of Carmi, for appellee.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from an order of the circuit court of White county, sustaining a motion to dismiss a petition for adoption. Before the commencement of the adoption action in the circuit court a petition had been filed in the county court of White county for the purpose of declaring the child now sought to be adopted a dependent and neglected child, and appointing a guardian for such child with power in the guardian to consent to the adoption of such child. After notice and hearing, the child was taken from the mother, Mary Ruth Erwin, appellee in this cause, and was declared a dependent and neglected child, and a guardian was appointed for the person of the child, with authority to consent to the adoption of such child.

The guardian placed the child with the petitioners, Charles E. Oeth and Jean Oeth, and after the six-months' waiting period (no appeal or other proceedings having taken place in the dependency action) the petitioners filed a petition in the circuit court of White county for adoption. The guardian entered his appearance and filed written consent to the adoption. Four days later, respondent, mother of the child, filed her petition in the county court dependency proceeding, alleging a change of circumstances and praying the return of the child to her custody, and termination of the guardianship. Thereafter, she filed a motion in the

20

adoption case, referring to the action in the county court, and challenging the jurisdiction of the county court order insofar as the order gave the right to the guardian to consent to the adoption, contending that the adoption petition should be dismissed, and that the order granting the guardian power to consent was void, since it did not comply with the requirements of Chapter 23, Section 209, 1953 Illinois Revised Statutes [Jones Ill. Stats. Ann. 19.100], concerning neglected and dependent children.

Specifically, it is asserted that the county court did not find in its order, minutes, or otherwise, that the said mother consented to such order, and did not find that she was unfit in any respect, as required by statutory provisions referred to. It is contended that jurisdictional facts must be found as to the consent of the mother, or a finding of fact excusing such consent by finding one of the specific grounds set up in the statute in lieu of consent by the mother of the child. It is contended that since the mother does not consent and the guardian has no power to consent, it must necessarily follow that the circuit court of White county does not have, and never did have, jurisdiction of the subject matter of the action in which it is sought to adopt the child. It is further contended that the order of the county court referred to, should have stated that the power of the guardian to consent be "without notice to or assent by such person or persons" as required by the adoption statute. The motion to dismiss filed by the mother of the child, Mary Ruth Erwin, was sustained, and it is from that ruling that this appeal is prosecuted. The complete record of the county court dependency action is made a part of the record on appeal to this court.

When the court is exercising a special statutory jurisdiction there is no presumption of jurisdiction, but the record must show on its face that the

21

case is one where the court has authority to act, and if it does not, the judgment is void and subject to collateral attack whether the court is one of limited or general jurisdiction (Keal v. Rhydderck, 317 Ill. 231, 236). Consent to adoption or excuse thereof must be in conformity with the mandatory requirements of the adoption statute and are jurisdictional (Burstein v. Millikin Trust Co., 350 Ill. App. 462; Keal v. Rhydderck, supra). In the action before us there was no consent and none of the six grounds of unfitness, (1. Depravity; 2. Open and notorious adultery or fornication; 3. Habitual drunkenness for the space of one year; 4. Extreme and repeated cruelty to the child; 5. Abandonment of the child; 6. Desertion of the child for more than six months), referred to in Section 209, Chapter 23, 1953 Illinois Revised Statutes, relative to a neglected and dependent child were shown in any part of the record in the dependency proceedings in the county court. There is no presumption of depravity arising from the fact that the child was born out of wedlock (Stalder v. Stone, 412 Ill. 488). The consent requirements or its excuse in adoption are mandatory and jurisdictional.

██ ██ In adoption it is not the duty of the court to determine if petitioners could best provide for the child. The court must first determine if statutory grounds for adoption exist (Jackson v. Russell, 342 Ill. App. 637). Since adoption and custody are two different things, a clear and convincing case must be made to warrant adoption.

██ When a mother has been deprived of the custody of her child at a time when the child is declared neglected and dependent, the court's jurisdiction is a continuing one and the mother may petition for restoration of custody based on change of circumstances at any time prior to the consummation of adoption by decree, if she has not been deprived of such right

22

by prior order of court (1953 Illinois Revised Statutes, Chapter 23, Section 201 [Jones Ill. Stats. Ann. 19.092]; In re Ramelow, 3 Ill.App.2d 190).

We must therefore conclude that the motion to dismiss the adoption petition was properly allowed for the reason that the county court did not obtain jurisdiction of the subject matter as to consent when it failed to find and place of record the statutory ground or test of unfitness of the mother when she withheld her consent. The order of the circuit court of White county dismissing the petition for adoption will, therefore, be sustained.

Order sustained.

BARDENS and SCHEINEMAN, JJ., concur.