Louisan E. Mamer, et al., Trustees Under the Last Will of Louis H. Mamer, Deceased, Plaintiffs-Appellees, v. L. F. Morrison, et al., as Commissioners of the Nutwood Drainage and Levee District, Defendants-Appellants.

**Gen. No. 10,653.**

Fourth District.

September 14, 1965.

Rehearing denied November 2, 1965.

G. R. Schwarz, of Jerseyville, for appellants.

Thomas, Mulliken & Mamer, of Champaign, and Richard W. Husted, of Elgin, for appellees.

CREBS, J.

This is an appeal from an Order of the Circuit Court of Jersey County permanently enjoining the collection of a judgment of the County Court of Jersey County.

The Nutwood Drainage and Levee District, hereinafter referred to as the District, was organized in 1906 under the Levee Act. In 1907 judgment was entered on a jury verdict setting the annual amount of benefits. For many years thereafter the District collected taxes far in excess of those authorized by the 1907 judgment. Plaintiffs-appellees and their predecessors in title, hereinafter referred to as Mamers, refused to pay the additional amounts for the years 1950 to 1955, inclusive. In 1953 the District brought suit to have a Receiver appointed to take possession of the lands and collect the rents, issues and profits and apply the same to the payment of the alleged delinquent annual maintenance charges. The District also brought an action for the creation of a new roll of assessments for annual benefits, which resulted in a new roll of assessments being confirmed in 1955. The trial court's action in both cases was appealed and the cases were consolidated on appeal. In Nutwood Drainage District v. Mamer, 10 Ill2d 101, 139 NE2d 247 the court held that the 1907 assessment applied to the years 1950–55 and that the new roll of assessments was valid for 1956 and subsequent years.

Following this decision the District filed a Petition in the County Court of Jersey County, pursuant to the provisions of sec 5–22 of the Illinois Drainage Code, Ill Rev Stats 1963, c 42, seeking to have the benefits

411

received by the Mamer lands during the years 1950 through 1955 determined, assessed and made a lien on the lands benefited. After hearing the County Court entered an order on December 28, 1961, granting said Petition. Mamers attempted to appeal said Order but for failure to file a properly certified record on time, said appeal was dismissed. Mamers petition for leave to appeal within one year was also denied. The present action was thereafter filed on May 27, 1963.

This is a collateral attack on the judgment of the County Court. The Circuit Court found the County Court judgment to be void for want of jurisdiction. We concur in this finding.

Sec 5–22 is entitled "Assessments on Omitted Lands and Curing Defects in prior Assessments." It states that where land has been (1) *omitted from an assessment roll,* (2) *or an assessment has been annulled,* (3) *or held not legally made,* (4) *or is invalid as to one or more tracts* under certain circumstances a new assessment may be made. None of these apply since the Mamer land was included in the 1907 assessment for annual benefits which was held to be legally made and valid for the years 1950 through 1955 by the Supreme Court in Nutwood Drainage District v. Mamer, 10 Ill2d 101, 139 NE2d 247.

 While it is often said that jurisdiction of a court depends upon jurisdiction of the persons and jurisdiction of the subject matter, there is also another factor which is that the court must have inherent or statutory power to enter the particular order which it does enter. Windsor v. McVeigh, 93 US 274, 23 L Ed 914. Thayer v. Village of Downers Grove, 369 Ill 334, 16 NE2d 717; Oeth v. Erwin, 6 Ill App2d 18, 126 NE2d 526. Drainage law being statutory, jurisdiction must be exercised in accordance with the statutory mandate. The purported assessment of benefits made retroactively by the County Court under sec 5–22 for

the years 1950 through 1955 was beyond the statutory power of said court and hence void for lack of jurisdiction.

█ Defendant also contends that since an appeal was attempted, Plaintiff was thus barred from relief in this action. This suit is between the same parties; no rights of third parties are involved. Also, there is no showing of any change of position such as would produce an estoppel. Since it is possible to proceed to enjoin enforcement of a void judgment without appealing, there seems to be no reason why an abortive appeal, dismissed on technical grounds and not on the merits, should preclude equitable relief otherwise available.

We find no error in the order of the Circuit Court granting a permanent injunction and such order is, therefore, affirmed.

Affirmed.

EBERSPACHER, P. J. and GOLDENHERSH, J., concur.