(No. 39698.—)

Max Zook *et al.,* Appellants, *vs.* Ruben E. Spannaus, Executive Director, Lutheran Child Welfare Association of Illinois, *et al.,* Appellees.

*Opinion filed June 16, 1966.*

CARL D. SNEED, of Herrin, for appellants.

TATGE AND JERSILD, of Chicago, and WINTERS AND MORGAN, of Marion, (GEORGE E. MORGAN and GERHARDT S. JERSILD, of counsel,) for appellees.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

This is a *habeas corpus* petition brought in the circuit court of Williamson County by Max and Clara Zook attacking the jurisdiction of that court in a prior dependency proceeding. Petitioners have appealed directly to this court from a judgment dismissing their petition.

Betty Jane Myrick, a widow, died on January 24, 1965, leaving four minor children surviving. The surviving relatives of the children were two half-sisters, and petitioner Clara Zook, the mother of the deceased. Mrs. Zook lives on a dairy farm in Wisconsin with her husband.

Betty Jane Myrick talked during her lifetime with Pastor Erb of the Herrin Lutheran Church about the possibility of her death and what she desired to be done with her children if she passed away. According to Pastor Erb she stated that she would like them placed in a Lutheran home. Whether she meant a home run by the Lutheran church or a family in which the parents were of the Lutheran faith is not clear.

Apparently acting on these conversations, Pastor Erb filed a petition in the circuit court of Williamson County to declare the four minor children dependent and neglected. The petition was filed on January 28, 1965, the same date

as the funeral, and a hearing was set for that afternoon. The hearing was had 35 minutes after the funeral. Although the burial was in Royalton, Franklin County, and the hearing at Marion, Williamson County, Illinois, no summons was issued or served on anyone. The parties involved were told of the hearing by Pastor Erb at the funeral, but he did not mention the time of the hearing to Clara Zook. The children and their two half-sisters were present at this hearing, but their grandmother, Clara Zook, did not appear until the hearing was over. The court, according to the minute order entered on January 28, 1965, found that the children were dependent and neglected and awarded temporary custody of the children to Shirley Mason and the case was continued to February 2, 1965, apparently to determine the permanent custody and to take up the subject of consent to adoption. This order recited that the children and half-sisters were present but did not mention Clara Zook. Apparently there was no hearing on February 2, but pursuant to a hearing on February 23 when Clara Zook and her attorney were present, the court entered an order finding that the children had "heretofore" been declared dependent and neglected, and further ordered that the care, custody and control of the children be awarded to the Lutheran Child Welfare Association of Chicago, and that Ruben E. Spannaus, Executive Director, Lutheran Child Welfare Association of Illinois, be appointed guardian of the minor children with the right to place and consent to the adoption of the minor children. It further appears that the respondents have placed the two older girls in a home in Chicago and the two younger girls in an adoptive home in Arlington Heights, Illinois.

On September 16, 1965, the Zooks filed a petition for writ of *habeas corpus* in the circuit court of Williamson County alleging that the orders entered in the dependency proceedings were wholly void and of no effect. On Sep-

tember 28, 1965, an order was entered dismissing the petition for *habeas corpus* and ordering that the custody of the four children remain as theretofore ordered by the court in the dependency case. It is from this order that petitioners appeal.

Petitioners' theory is that due to the failure of the trial court to comply with the basic requirements of the Illinois Family Court Act in the dependency proceedings, the court did not obtain jurisdiction either of the person or of the subject matter, and its orders declaring the children dependent and neglected and placing custody in respondents with power to consent to their adoption are wholly lacking in legal effect and are null and void.

The final order of the court in the dependency proceedings appointed a guardian of the minors with authority to consent to their adoption. The petition did not contain any prayer for the appointment of a guardian with consent to adoption, although such a prayer is specifically required by the Family Court Act. (Ill. Rev. Stat. 1963, chap. 23, par. 2026.) Nor did the order of the trial court in the dependency proceedings make findings that it was to the best interests of the minors that the guardian be given authority to consent to their adoption, that a near relative consented to such an order, or that near relatives of the minors were unfit for one or more of the statutory reasons to have the children, all of which findings are specifically required by section 15 of the Family Court Act in order to authorize a guardian to consent to adoption. Ill. Rev. Stat. 1963, chap. 23, par. 2026.

In the absence of such findings in the record and in the absence of any evidence in the record to support such findings the court was without jurisdiction in this special statutory proceeding to enter an order authorizing the guardian to consent to adoption. In this type of special statutory proceeding the guardian cannot benefit from the usual presump-

tion of regularity but must support the order by the record. *Keal* v. *Rhydderck,* 317 Ill. 231, 236; *Oeth* v. *Erwin,* 6 Ill. App. 2d 18.

We therefore conclude that the order of the court in the dependency proceedings appointing a guardian and authorizing said guardian to consent to the adoption of the minor children was void and can be attacked in a *habeas corpus* proceeding.

Upon the hearing prior to the court's order of February 23, 1965, a letter to Judge Cagle from W. M. Rohrer, Director of the Department of Public Welfare of Baraboo, Wisconsin, was admitted into evidence. It was a reply to the judge's request that Rohrer's office make a report on the Zooks. The letter was extremely favorable to the Zooks and stated that it would be in the best interest of the children if they were kept together in the home of their grandparents.

At the *habeas corpus* hearing the girls' half-sisters, Carolyn Francescan and Dianne Sasseen, testified that they cooperated with Pastor Erb at first, but that they would not have done so if they had known the children would be put up for adoption. Also it should be noted that Pastor Erb testified that he was not opposed to the court placing custody of the children with the Zooks if the court thought it was the best place for them.

There is ample evidence in the record that the petitioners can give the children a happy normal home and the love and affection of grandparents, that they are financially able to support and educate the children, and that the best interest and welfare of the children will be served by awarding their custody to the grandparents, the petitioners herein. Therefore the order dismissing the *habeas corpus* petition and quashing the writ is reversed and the cause remanded, with directions to issue the writ and award the custody of the children to the petitioners in accordance with the prayer of their petition.

*Reversed and remanded, with directions.*