In the Matter of the Dependency of Terry John Bartha, a Minor.
Phyllis Bartha, Appellant, v. William V. Hopf, State's Attorney of DuPage County, Illinois, Appellee.

Gen. No. 67–2.

Second District.

November 3, 1967.

Seymour Velk and Robert K. Downs, of Chicago, for appellant.

William V. Hopf, State's Attorney of DuPage County, of Wheaton (Frank Wesolowski, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

One Terry John Bartha was found to be a dependent child by the circuit court of DuPage County and his care and custody was placed in his maternal aunt and her husband. The mother appeals from the order declaring her son to be dependent.

Terry John Bartha was born to the appellant, Phyllis Bartha, on October 30, 1959, in Cook County, Illinois. Terry lived with his mother in Cook County for less than one year, at which time she requested her sister and brother-in-law, Mr. and Mrs. Elmer Fessler of DuPage County, to care for the boy. Terry had resided with the Fesslers in DuPage County for nearly four years when he was returned to the care of the appellant. Less than one year later, the appellant, upon entering a hospital for treatment, placed the child in a taxicab with instructions that he be delivered to the home of her brother, where he was then picked up by another of appellant's sisters, Mrs. Roberts. One week later, Mrs. Fessler came to the home of Mrs. Roberts, removed the child and took him back to DuPage County to her home. On the next day, July 2, 1965, the State's Attorney of DuPage County filed a petition to declare Terry John Bartha a dependent child.

At the conclusion of the proceedings below, which lasted for fourteen months, the trial court ruled that Terry John Bartha was a dependent child and was to be in the custody of the Fesslers, in whose temporary custody he had been during the entire proceedings.

The principal grounds urged for reversal are (1) that the court below lacked jurisdiction because the child was brought to DuPage County only the night before the dependency petition was filed, (2) that the final order of the trial court did not contain the requisite findings on which to base an adjudication of dependency, and (3) that the adjudication of dependency was contrary to the manifest weight of the evidence. While other grounds are relied upon for reversal, we find it unnecessary, for the purpose of this opinion, to comment on them.

■ We are not persuaded that these proceedings were commenced in an improper county merely because the child had been within that county for only one day. The only authority cited by appellant in this regard is Empire Mfg. Co. v. Ginsburg, 253 Ill App 242 (1929), a case

which involved a plaintiff's wrongful inducement of a defendant into a jurisdiction in order to obtain service of process, a proposition not in question here. Indeed, it has been previously held that a court has jurisdiction in cases such as this provided only that the child is in the county at the date of the dependency petition. In re Dependency of Finch, 40 Ill App2d 18, 189 NE2d 678 (1963); ILP, Minors, § 14. See also 1948 Op Atty Gen, 78, where the opinion is stated that "the court may properly take jurisdiction in a case where the child is within the county, but not a legal resident thereof." Finally, our legislature, after the filing of the original petition herein, codified these views by providing as of January 1, 1966, that venue in any case of this nature "lies in the county where the minor resides *or is found,*" (Emphasis added) and that a transfer of venue is the appropriate remedy where the proceedings are commenced in a county other than that of the minor's residence. (Ill Rev Stats 1965, c 37, § 702–6(1) and (2).) It should parenthetically be noted that DuPage County is hardly an accidental forum in this case. The central issue is the welfare of Terry John Bartha, a child who had spent four of his six years in DuPage County, and this at the request of appellant.

Although we hold that the court below had jurisdiction to entertain the proceedings, we do question the court's jurisdiction to enter the dependency order in question. Section 7 of the Family Court Act (Ill Rev Stats 1965, c 23, § 2009) provides in part as follows:

"If the court shall find any child under the age of 18 years to be dependent or neglected within the meaning of this Act, the court may allow such child to remain at its own home subject to the friendly visitation of a probation officer, and if the parent, parents, guardian or custodian consent thereto, *or if the court shall further find that the parent, parents, guardian or custodian of such child are unfit or im-*

*proper guardians or are unable or unwilling to care for, protect, train, educate or discipline such a child, and that it is for the interest of such child and the people of this State that such child be taken from the custody of its parents, custodian or guardian,* the court may make an order appointing as guardian of the person of such child, some reputable citizen of good moral character and order such guardian to place such child in some suitable family home which such guardian may provide for such child or the court may enter an order committing such child to some training school or industrial school or to some association embracing in its objects the purpose of caring for or obtaining homes for neglected or dependent children, which association shall have been accredited as hereinafter provided. . . ." (Emphasis added.)

██ ██ In the final order of the trial court, the only "finding" was that "Terry John Bartha is a dependent child." No basis whatsoever for such an adjudication appears in the order itself. There is no finding that the appellant is unfit or is unable or unwilling to care for, protect, train, educate or discipline the child, or that it is in the interest of the child to be taken from the custody of the appellant. The previous holding of this court in In re Dependency of Rosmis, 26 Ill App2d 226, 230–231, 167 NE2d 826 (1960), where this same question was squarely presented, is pertinent:

"When the court is exercising a special statutory jurisdiction, as in the case of a proceeding to declare a child a dependent and neglected child, there is no presumption of jurisdiction, Oeth v. Erwin, 6 Ill App2d 18, 126 NE2d 526. The record must show on its face that the case is one where the court has authority to act and if the record fails to so show, the

order or judgment of the court is without jurisdiction and void, Keal v. Rhydderck, 317 Ill 231, 236, 148 NE 53. *The findings required by the statute are mandatory and jurisdictional, and we must hold that since the order appealed from fails to contain the required findings, the court was without jurisdiction to enter that order.*" (Emphasis added.)

The appellee acknowledges that certain findings are essential to an adjudication of dependency, but argues that the final order necessarily was based upon such findings by the court, and that these findings need not be set out in the final order if the facts supporting them can be found in the record. We need not comment upon this theory of appellee, inasmuch as an examination of the record in this case discloses conflicting evidence on several different facts, and we are therefore uncertain as to which facts caused the trial court to adjudicate that the child was dependent. Thus, there was either conflicting or incomplete evidence on appellant's health, on the child's health, on the appellant's alleged promiscuity, on the appellant's history of financially supporting the child, on the frequency of appellant's visits to the child, and so forth.

This court should not be called upon to review the entire record and make the initial findings of fact in such a case. We can do no more than review the findings of fact of the trial court and determine whether the facts thus found justify the entry of the order appealed from.

For the same reason that we are unable to judge the propriety of the trial court's holding of dependency, the essential findings not being set forth in the order, we are unable to say as a matter of law that the adjudication of dependency is against the manifest weight of the evidence.

For the reasons stated, this cause must be remanded for further proceedings consistent with this opinion.

We assume that if there is merit to the remaining alleged errors claimed by the appellant, but not discussed herein, that the same will not recur.

Reversed and remanded.

DAVIS, P. J. and ABRAHAMSON, J., concur.