(No. 42489.—

*In re* PETER STANLEY, JR., *et al.*—(THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* PETER STANLEY, SR., Appellant.)

*Opinion filed March 24, 1970.*

PATRICK T. MURPHY, of Chicago, for appellant.

EDWARD V. HANRAHAN, State's Attorney, of Chicago, (DANIEL P. COMAN, Chief of the Civil Division, and THOMAS E. BRANNIGAN and JAMES A. ROONEY, Assistant State's Attorneys, of counsel,) for appellee.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Upon a finding that their natural mother was deceased, two illegitimate children were adjudged by the circuit court of Cook County to be dependent, and were placed in the custody of a married couple appointed as guardians by the court. The children's natural father, Peter Stanley, Sr., has appealed the judgment directly to this court, arguing that the statutory provisions (Ill. Rev. Stat. 1967, ch. 37, pars. 702—5 and 701—14; ch. 106¾, par. 62) deny to an "unwed father" all rights to control and custody of his illegitimate children and as such constitute a denial of equal protection of the law.

The children were determined to be dependent pursuant to the following provision of the Juvenile Court Act: "(1) Those who are dependent include any minor under 18 years of age (a) who is without a parent, guardian or legal custodian; * * *." (Ill. Rev. Stat. 1967, ch. 37, par. 702—5.) The father of an illegitimate child, unlike the mother, is excluded from the definition of "parent" in section 1—14 of the Act: " 'Parents' means the father and mother of a legitimate child, or the survivor of them, or the natural

mother of an illegitimate child, and includes any adoptive parent. It does not include a parent whose rights in respect of the minor have been terminated in any manner provided by law." (Ill. Rev. Stat. 1967, ch. 37, par. 701—14.) Stanley urges in the first instance that an unconstitutional distinction inheres in the favorable classification of unwed mothers as parents, as opposed to the exclusion of unwed fathers from that classification.

The distinction between the class of mothers and the class of fathers is rationally related to the purposes of the Juvenile Court Act (Ill. Rev. Stat. 1967, ch. 37, par. 701—2), however, and thus it is not constitutionally mandated that Stanley be accorded the rights which accrue to the class of natural mothers of illegitimate children. See *Morey* v. *Doud,* 354 U.S. 457, 1 L. Ed. 2d 1485, 77 S. Ct. 1344.

Stanley argues further that he should be entitled to the protection of the law afforded legal custodians and guardians, whose right to custody may only be disturbed, in appellant's opinion, upon a showing of neglect (Ill. Rev. Stat. 1967, ch. 37, par. 702—4) or the party's physical or mental disability. (Ill. Rev. Stat. 1967, ch. 37, par. 702—5.) He overlooks the fact that the Juvenile Court Act provides for the continuing jurisdiction of the court over dependent minors, and that the court may, upon application of any person, transfer custody. (Ill. Rev. Stat. 1967, ch. 37, par. 705—8.) In any event, Stanley cannot show himself to be entitled to the rights accorded legal custodians and guardians to retain custody, since the class of legal custodians and guardians consists solely of persons to whom those rights have been affirmatively granted by the court. They did not, prior to the court's action, have any *greater* right to control or custody than did an "unwed father", since prior to action by the court, neither the class of prospective custodians and guardians, nor the class of "unwed fathers", had *any* rights to control or custody.

Stanley apparently makes another argument based upon

section 12 of the Paternity Act, which follows: "A person charged or alleged to be the father of a child born out of wedlock, whether or not adjudicated the father under this Act, shall have no right to the custody or control of the child except such custody as may be granted pursuant to an adoption proceeding initiated by him for that purpose." (Ill. Rev. Stat. 1967, ch. 106¾, par. 62.) This section has been applied in Illinois to prohibit the allowance to natural fathers of control or custody rights which might otherwise be thought to arise as a concomitant to the imposition of certain obligations under the Act. (See, *e.g., DePhillips* v. *DePhillips,* 35 Ill.2d 154; *Wallace* v. *Wallace,* 60 Ill. App. 2d 300.) If, as it appears, Stanley is arguing that the above section unconstitutionally denies to him the opportunity of becoming the custodian or guardian of the children, while that opportunity is available to all other persons, we need only respond in this instance by noting that the section was not so applied to him. In fact, the trial court's comments clearly indicate the court's willingness to consider a future request by the father for custody and guardianship. Stanley did not seek appointment as custodian or guardian; consequently he cannot argue that through the application of that section he was denied an opportunity to secure for himself the rights pursuant to such status. Since appellant had no standing to raise the argument, we do not reach the question whether such application of the section would constitute a denial of equal protection of the laws. See *People ex rel. Director of Department of Children and Family Services* v. *Illinois Protestant Children's Home, Inc.,* 33 Ill.2d 60, *cert.* denied 384 U.S. 905, 16 L. Ed. 2d 358, 86 S. Ct. 1338.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*