*In re* GLENN WAYNE JENNINGS *et al.*, Minors.—FAYE JENNINGS, Petitioner-Appellant.)

(No. 73-77; 

Second District (2nd Division)—October 22, 1975.

858

RECHENMACHER, P. J., dissenting.

Tyler, Peskind & Solomon, of Aurora, for appellant.

James M. Carr, State's Attorney, of Sycamore (T. Jordan Gallagher and J. Powers McGuire, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

The petitioner, grandmother of the minors, appeals from the judgment of the circuit court of De Kalb County denying her petition to terminate the right of the court-appointed guardian to consent to the adoption of the minors, to terminate the guardianship and to appoint the petitioner guardian of the minors.

In April 1972 petitions were filed by Katheryn J. Pihlaja, county probation officer, alleging that the three minors were neglected and dependent children, the mother was Judy Jennings, the father was unknown and praying that the minors be adjudged wards of the court. On June 19, 1972, Judy Jennings filed a consent to adoption on behalf of each of the minors and on June 21, 1972, Katheryn Pihlaja was appointed guardian of said minors with power to consent to their adoption.

On August 28, 1972, Faye Jennings, the mother of Judy Jennings, and the petitioner here, filed a petition praying that the guardianship of Katheryn Pihlaja be terminated and that the petitioner be appointed guardian of said minors. At the hearing on the petition, the court, after hearing arguments both as to the question of the standing of the petitioner and as to the question of the validity of the consent to adoption, found that the petitioner was without standing to file her petition and that it was contrary to public policy to allow her to file said petition and denied the petition. However, the court stayed the order empowering Katheryn Pihlaja to consent to the adoption of the minors.

In this appeal the petitioner contends that (1) the court erred in finding that the petitioner is without standing to file the petition (2) the court was without jurisdiction to enter the order appointing Katheryn Pihlaja guardian with power to consent to the minors' adoption because (a) the court did not adjudge them wards of the court and (b) the consent was not properly acknowledged and was therefore void and (3) the well pleaded facts of the petition were admitted because not denied, therefore the petition should have been granted. In oral argument petitioner also questioned the validity of the consent because of the alleged illiteracy and lack of understanding of the mother, Judy Jennings. However, at the hearing it was indicated that an examination by a psychiatrist did not reveal her to be incompetent. The question really argued on this appeal is as to her understanding when she executed the consents, which point will be considered in connection with the validity of the consents to adoption.

The petitioner bases her standing on the wording of section 5—8 of the Juvenile Court Act (Ill. Rev. Stat. 1971, ch. 37, par. 705—8) which then stated in paragraph (2) that "The minor or any person interested in the minor may apply to the court for a change in custody of the minor and the appointment of a new custodian or guardian of the person * * * *"

Our Supreme Court has stated that the "* * * Juvenile Court Act provides for the continuing jurisdiction of the court over dependent minors, and that the court may, *upon application of any* person, transfer custody." (Emphasis supplied.) *In re Stanley,* 45 Ill.2d 132, 134, *rev'd on other grounds, Stanley v. Illinois,* 405 U.S. 645.

■■ The order taking the children away from their mother was a continuing order subject to modification and was in no way final. *In re Ramelow,* 3 Ill.App.2d 190, 196; *In re Bartha,* 107 Ill.App.2d 214, 215.

■■ One aim of the Juvenile Court Act is to strengthen the minor's family ties whenever possible. (Ill. Rev. Stat., ch. 37, par. 701—2.) In the petition herein it was alleged that *the grandmother had raised and cared for these children since their birth.* (Emphasis supplied.) It cannot be denied that the grandmother has a special interest in the outcome of these proceedings. *In re Anast,* 22 Ill.App.3d 750, 756, the court stated, "Where the circumstances of a case indicate that a person other than a parent has a substantial interest in a minor in proceedings in the juvenile court, then under the contemplation of the Act that person is a necessary party to the proceedings."

In *Layton v. Miller,* 25 Ill.App.3d 834, 839, in construing section 276 of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 276) "* * * petition of any interested person" the court stated, "Certainly a maternal

uncle of minor children would come well within the range of qualified persons."

The grandmother petitioner herein should have an evidentiary hearing; her fitness and the best interests of the children should be determined by the Juvenile Court after hearing evidence.

Further, there is no order in this record declaring the children to be wards of the court. Therefore the finding of June 21, 1972, that the children had "been adjudged wards of the Court" is not supported by the evidence and should be disregarded. *In re Bartha.*

The Juvenile Court Act provides for detention hearings (article 3), for adjudicatory hearings (article 4), and for dispositional hearings (article 5). A minor under the age of 18 years who is alleged to be neglected or dependent, as the terms are defined in sections 2—4 and 2—5 of the Act (Ill. Rev. Stat. 1971, ch. 37, pars. 702—4, 702—5), is subject to a hearing to determine whether or not the named minor is a neglected or a dependent child. Article 4 of the Act provides for the petition, process, evidence, *etc.*, and section 4—8(2) of article 4 provides:

> "(2) If the court *finds that the minor is a person described* in Section 2—1 *and that it is in the best interests of the minor and the public that he be made a ward of the court,* the court shall note in its findings whether he is delinquent, otherwise in need of supervision, neglected or dependent, specifying which of Sections 2—2 through 2—5 is applicable, and *shall adjudge him a ward of of the court* and proceed at an appropriate time to a dispositional hearing." (Emphasis supplied.)

Article 5 of the Act provides for the next step—disposition. Section 5—1 of Article 5 provides:

> "(1) *After adjudging the minor a ward of the court,* the court shall hear evidence on the question of the proper disposition best serving the interests of the minor and the public.

Section 5—2(1)(d) of article 5 provides:

> "(d) A minor under 18 years of age found to be dependent under Section 2—5 may be placed in accordance with Section 5—7."

■■ Nowhere in the instant proceedings were the minors adjudged to be wards of the court. When the court is exercising a special statutory jurisdiction, as in the case of proceeding to declare a child a dependent and neglected child there is no presumption of jurisdiction. The record must show on its face that the case is one where the court has authority to act and, if the record fails to so show, the order or judgment of the court is without jurisdiction and void. (*In re Bartha,* 87 Ill.App.2d 263,

267.) By not having adjudged the minors herein to be wards of the court the court had no power to dispose of them under article 5. *Zook v. Spannaus,* 34 Ill.2d 612, 615.

■■ Lastly, the statutory requirement, "That the judge explain to the consenting party that by signing such consent she is irrevocably relinquishing all parental rights to such child and that she has stated that such is her intention and desire," has not been met here. The record discloses no evidence that such was done. Consent to adoption must be in conformity with the mandatory requirements of the adoption statute. (*Oeth v. Erwin,* 6 Ill.App.2d 18.) If a consent is not acknowledged in the proper form it is void. (*In re Petition of Thompson,* 337 Ill.App. 354.) The requirements of the statute as to the acknowledging or witnessing of the consent are mandatory, and compliance therewith is necessary to the validity of the consent. 1 Ill. L. & Pr. *Adoption* § 22 (1953).

Section 5—9 of article 5 provides the machinery for adoption and appointment of a guardian with power to consent. As applicable it follows:

"(1) *A ward of the court under this Act,* (emphasis supplied) with the consent of the court, may be the subject of a petition for adoption * * *.

(2) If the petition prays [the instant one did not[1]] and the court finds that it is in the best interests of the minor that a guardian of the person be appointed and authorized to consent to the adoption of the minor, the court with the consent of the parents, or * * * may empower the guardian of the person * * * in the order appointing him as such guardian, to appear * * *.

(3) Parental consent to the order authorizing the guardian of the person to consent to adoption of the Minor shall be given in open court whenever possible and otherwise must be in writing and signed in the form provided in * * * [the Adoption Act]."

The Adoption Act (Ill. Rev. Stat. 1971, ch. 4, par. 9.1—10H) provides for the form of the certificate of acknowledgement. It cannot be said that the legislature did not intend that the requirement be for the purpose of emphasizing the solemnity of the step being taken and also for the general purpose of providing protection for the parties to an adoption.

Further, the irrevocability of consents (par. 9.1—11) is conditioned upon proper execution and acknowledgement. Pertinent provisions of the Act then read:

"A consent to adoption by a parent * * * executed *and*

---

[1] See *Zook v. Spannaus,* supra.

*acknowledged in accordance with the provisions of Section 8* of this Act  *  *  *  shall be irrevocable unless it shall have been obtained by fraud or duress  *  *  *." (Emphasis added.)

For the foregoing reasons the order of the circuit court of De Kalb County dismissing the petitions of Faye Jennings is reversed and the cause is remanded with directions to the trial court to enter an order adjudging the children wards of the court, withdrawing the power of Katheryn J. Pihlaja to consent to their adoption and to conduct an evidentiary hearing on Faye Jennings' petitions.

Reversed and remanded with directions.

T. MORAN, J., concurs.

Mr. PRESIDING JUSTICE RECHENMACHER, dissenting:

I respectfully dissent from the majority decision. I regard the objections of the petitioner as technical omissions rather than substantial errors. The petitioner says there was no finding of wardship. It is true that the word "wardship" was not mentioned in the Juvenile Court's order, but the substantive findings which were made pursuant to the State's petition asking that the minors be adjudged wards of the court, that is, that the minors were dependent and the mother unable for other than financial reasons to take care of them and that it was in the best interest of the minors and the State that they be taken from the mother and placed under the guardianship of some suitable person appointed by the court, followed by the appointment of the probation officer as their guardian, so substantially complied with the spirit and purpose of the Juvenile Court Act as to render the lack of a precise wording as to wardship quite insignificant in the total picture. The same remarks apply to the validity of the consent. A form is suggested in the Adoption Act (Ill. Rev. Stat. 1971, ch. 4, par. 9.1—10) to be followed in giving consent to adoption. This form was substantially the one used; however, the acknowledgement portion omitted the statement:

"I have fully explained that by signing such (consent) (surrender) (she) (he) is irrevocably relinquishing all parental rights to such child or adult and (she) (he) has stated that such is (her) (his) intention and desire."

However, the acknowledgement did state in the body thereof that the mother was thereby giving consent to the adoption of said child and granting the power to consent to such adoption to any person appointed by the court and that "such action shall be binding upon me without any further notice to me as fully as if I was present at the proceeding and consented in person to the entry of a decree of adoption." The

acknowledgement was taken in open court before the circuit judge who held the adjudicatory hearing and acknowledged by him, and it recited that the mother signed such instrument as her own free and voluntary act for the purposes and uses therein set forth. It is not to be assumed that the judge did not admonish her as to the finality of this act as is the custom in consents to adoption, and the lack of the printed words of the suggested form of acknowledgement is not so significant as to render the consent void.

The majority opinion gives the petitioner the right to an evidentiary hearing, by that phrase, apparently intending to give her all the rights of a party at an adjudicatory hearing. There is no question but that the petitioner has a right to file a petition for change of guardianship since she is a person interested in the minors and the statute gives such right to any person interested in the minors (Juvenile Court Act, Ill. Rev. Stat. 1973, ch. 37, par. 705—8). However section 1—20 of the same act entitled "Rights of Parties to Proceedings" makes it very clear that the right "to be present, to be heard, to present evidence material to the proceedings, to cross-examine witnesses, to examine pertinent court files and records,  *   *   *" and "the right to be represented by counsel" at such proceedings is limited to "the minor who is the subject of the proceeding and his parents, guardian, legal custodian or responsible relative who are parties respondent." While the language refers to an adjudicatory hearing it is indicative of the intent of the Act to limit the persons who may have the standing of parties in juvenile proceedings. Section 5—8 makes no reference to parties or to standing; it merely gives any person interested in the minor the right to file a petition for a change of guardianship. To interpret this as giving any member of the public who asserts he is interested in the minor the adversary rights of a party, including discovery, subpoena, right to present witnesses and right of cross-examination, would obviously be mischievious and contrary to the best interests of the minors.

The contentions raised in the petitioner's brief as to the regularity of the adjudicatory hearing and the findings of the Juvenile Court at that hearing and the validity of the mother's consent to the adoption of the minors, posed jurisdictional questions which the majority opinion does not comment on. However, the issue of jurisdiction cannot be avoided. It is not contended that the petitioner was a party to the adjudicatory hearing with the right to appeal its findings; nor was she a guardian or responsible relative (since the minors had a living parent) who would have standing to challenge the validity to a consent to adoption. The petitioner has done both in this appeal, and I do not see how the court can consider either point except on the theory that the judgment of the

Juvenile Court at the adjudicatory hearing was a void judgment subject to collateral attack and that the consent to adoption of the minors given by the mother was invalid. In that case there is neither wardship nor a valid consent to adoption, therefore an evidentiary hearing on the petition for change of custody was not necessary since the status of the children is in that case no different from that of any other children whose mother is living and whose status is not that of dependent or neglected minors. By the same token, of course, the petitioner's application for custody of the minors is thereby rendered improper and meaningless since the court in that case would have no wardship and therefore no power to confer custodianship on the petitioner. The petitioner here cannot attack the wardship as void and at the same time apply to the *State* for appointment as custodian of the children. In my opinion, therefore, while the petitioner had the right to file the petition for change of guardianship, she was not a party to the adjudicatory hearing and not a party for the purpose of challenging the consent to the adoption. The adjudicatory hearing and the consent to adoption were not so significantly irregular as to render them void; therefore these aspects of the proceedings were not subject to collateral attack. Since the petitioner was not a party who could directly appeal either of these points they should not be considered by the court on appeal. The petitioner has had her petition for change of custodianship considered by the court, but since there was no allegation of unfitness of the guardian the only consideration which she could raise was that the appointment was void. In that case the petition itself would not be in order since custody in that case would revert to the mother and a new adjudicatory hearing would be required to establish wardship in the State.

Since the majority opinion fails to consider these issues I respectfully dissent from that opinion and would affirm the trial court.