MICHAEL RYAN *et al.*, Plaintiffs-Appellees, *v.* KEITH R. MILLER, d/b/a Miller Construction Co., Defendant-Appellant.

Third District .No. 77-454

Opinion filed March 31, 1978.

Elliott B. Young, of Peoria, for appellant.

Michael B. Ryan, of Peoria, for appellees, *pro se.*

Mr. JUSTICE STOUDER delivered the opinion of the court:

On May 23, 1977, the circuit court of Peoria County entered judgment for $2,170 in favor of plaintiffs-appellees, Michael Ryan and Maria Ryan, against defendant-appellant, Keith Miller d/b/a Miller Construction Co. The judgment having been entered by default, the defendant within 30 days from its rendition moved to vacate the default and for leave to defend the action.

This appeal arises out of a series of events that began with the filing of the plaintiffs' complaint in the office of the clerk of the circuit court, Peoria County. The complaint alleged damages to real property in an amount in excess of $1,000, but the complaint had no specific prayer for relief.

The procedure regularly followed by the clerk called for assignment of a number to each case filed. The letters "SC" were inserted in the number to designate small claim cases. Number 77 SC 1347 was assigned to this case, affixed to the court file, the complaint and the summons. On the summons the blank "Amount Claimed" was typed to read $1,000.

The summons required defendant to appear at 9:30 a.m. April 15, 1977. The defendant did appear as required, so did plaintiffs and plaintiffs' counsel. A discussion was held between plaintiffs, plaintiffs' counsel and defendant relating to settlement of the issues in dispute. Plaintiffs' counsel then prepared an order continuing the matter to May 23, 1977, at 9:30 a.m., and in so doing wrote "Case No. 77 SC 1347" on the order. The defendant was told by plaintiffs' counsel to sign his name on the order, which he did.

The defendant undertook to perform his agreement under the

settlement agreement of April 25, 1977. The plaintiffs in their brief admit that there was some agreement concerning repairs to be made by the defendant in settlement of the controversy, but apparently took the position in opposing the defendant's motion to vacate the judgment both that the repairs had not been made and that the court should not rely on any oral settlement agreement concerning the repairs. Notwithstanding, the plaintiffs, with their counsel, appeared in court on May 23, 1977.

On the same day, May 23, 1977, plaintiffs' counsel went to the clerk of the court and had the clerk "change" the number on the file from 77 SC 1347 to 77 M 2083. He also had the new number stamped on the order dated April 25, 1977, thus changing same on its face 28 days after the order was executed by Peter J. Paolucci, Judge.

With the court file altered as to the case number, plaintiffs' counsel informed Judge R. A. Coney that the defendant was not present, and orally moved to find the defendant in default and to enter judgment on the pleadings. The court did enter a judgment by default in the amount of $2,170. The defendant moved to vacate the default judgment 17 days after the judgment was entered challenging the judgment for several reasons based on the change of the proceeding as a small claims controversy to a non-small-claims controversy. The motion also referred to the oral settlement both in explanation of the defendant's failure to appear on May 23 and also as a defense to the plaintiffs' claim.

The defendant first argues the court had no jurisdiction to enter the judgment. According to the defendant, the judgment order was in "Case Number 77 M 2083," a case in which no summons ever issued; and no court order substituting case numbers was ever requested; and no court authorization to transfer the small claim case with a $1,000 judgment limit from the small claims division to a different division with a greater judgment limit was ever given.

■■ The circuit court is a court of general jurisdiction and the divisions into which its activities may be divided are not surrounded by jurisdictional boundaries, but are designed to organize the activities of the court for efficient administration. For example, in *Haas v. Pick Galleries, Inc.*, 12 Ill. App. 3d 865, 299 N.E.2d 93, plaintiff commenced his action in the municipal division seeking damages in the amount of $15,000. The municipal division had a limit of recovery of $15,000 so the plaintiff's action was properly filed. However, the defendant filed a counterclaim in several counts seeking damages of as much as $100,000 in one of the counts. On the day of the trial both parties moved to transfer the case to the county law division which had the authority to consider cases and enter judgments for larger amounts. The trial court denied the motions, proceeded to hear the case and enter judgment for less than $1,500 in favor of the plaintiff and ruled against the defendant on his counterclaim.

On appeal the court rejected the contention that the trial court had no jurisdiction of the case because of the amount claimed in the counterclaim and held that because the circuit court is a court of general jurisdiction, misfiling in a division was only a matter of improper venue which could be waived if not timely urged. A motion for change of division or change of venue having been filed on the day of trial, the court deemed that the motions were untimely filed and the judgment of the trial court was proper.

■■ We believe the foregoing rule is equally applicable to the circumstances presented in the instant case. Once an action has been filed, summons issued and served according to law, the general jurisdiction of the court is invoked and the case is not subject to dismissal for want of jurisdiction merely because it is filed or assigned to an improper division.

The plaintiffs in their brief assert that their attorney advised them that they could get a larger judgment than $1,000 by using the language which they did in their complaint, *i.e.*, seeking damages in excess of $1,000. Regardless of the nature of the advice which the plaintiffs claim they received, it is clear from the conduct of their attorney that the attorney was well aware that their recovery in a small claims proceeding was limited to $1,000. The attorney by his conduct demonstrated that he was well aware that the proceeding must be transferred out of the small claims division if a judgment for more than $1,000 was to be sought.

■■ In *Daily Journal v. Smith*, 118 Ill. App. 2d 411, 415, 254 N.E.2d 307, the court observed "* * * a small claim complaint filed for a sum in excess of the amount stated in Supreme Court Rule 281 is not fatally defective and void for failing to state a cause of action, but such a case should be transferred from the small claim division to another division of the Circuit Court." If, as we believe and also as plaintiffs' attorney believed, the appropriate procedure was to transfer the case from the small claims division to another division of the court, the question remains whether the procedure employed was proper. We believe though the case was given a new number indicating it was no longer a small claims case, it was not a new proceeding, but in effect was a continuation of the original case. We believe that a motion, notice and a court order based thereon are required where the plaintiff seeks to increase or add to his original demands. This would be true even if the defendant is in default. Although section 34 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 34) is not applicable to small claims cases in specific terms, it sets forth a principle of justice and fairness which should be equally applicable to small claims. See *Klaisner v. Klaisner*, 28 Ill. App. 3d 110, 328 N.E.2d 341.

How or to what extent a defendant may decide to respond to a claim may well depend on the amount demanded and if that demand be increased, the defendant should have an opportunity to reconsider

whatever action he might propose to take. Without regard as to whether a claim is made under the small claims act or in some other division of the court, no reason suggests itself why a plaintiff should be permitted to increase his demand without notifying the other party. Accordingly, we believe the ex parte transfer of the case and the increase in the demand made were erroneous. When these errors were brought to the court's attention within 30 days of the entry of the judgment by default, as provided by section 50 (Ill. Rev. Stat. 1975, ch. 110, par. 50), we believe the court erred in refusing to vacate the judgment and transfer the case. For the foregoing reasons the judgment of the circuit court of Peoria County is reversed and remanded with directions to proceed consistent with the views expressed herein.

Reversed and remanded with directions.

BARRY, P. J., and SCOTT, J., concur.