HELEN T. WATT et al., Petitioners-Appellants, v. FARMERS STATE BANK AND TRUST COMPANY et al., Respondents-Appellees.

Fourth District   No. 15293

Opinion filed May 11, 1979.

Hutchens & Mann, of Winchester, and Rammelkamp, Bradney, Hall & Dahman, of Jacksonville, for appellants.

Larry J. Flynn, of Flynn & Flynn, of Jacksonville, for appellees.

Mr. JUSTICE GREEN delivered the opinion of the court:

Section 8—1 of the Probate Act of 1975 (Ill. Rev. Stat. 1977, ch. 110½, par. 8—1) permits the filing of a suit to contest a will within 6 months of the admission of the will to probate. The issue here is whether, in such a case, an amended complaint can be properly filed, over objection, after the expiration of the 6 months period when (1) the original complaint was filed within the 6 months period alleging that the original will was procured by fraud and undue influence at a time when the testator was of unsound mind, but making no reference to a codicil, and (2) the amended complaint refers, for the first time during the suit, to a codicil as being part of the will, alleges that both documents were procured as aforesaid, and requests that the admission to probate of both be set aside.

On April 13, 1977, the circuit court of Scott County admitted to probate documents bearing dates of May 20, 1966, and February 15, 1969, as the last will of Elsie M. Thomas and a codicil thereto. The codicil appointed a different executor than that named in the original will but otherwise republished and reaffirmed the earlier document. On October 6, 1977, a week prior to the expiration of the 6 months period, the original complaint described in the preceding paragraph was filed in the same court. Subsequently a motion to strike portions of that complaint or to make it more definite and certain was allowed in part. Petitioners then filed a first amended complaint which made no reference to a codicil and made minor changes in the allegations to the procurement of the execution of the May 20, 1966, instrument. A motion directed at that pleading was also allowed and the petitioners were given 10 days to amend. On October 10, 1978, nearly a year after the expiration of the 6 months period, petitioners filed a second amended complaint mentioning the codicil, attaching copies of both documents, and requesting the probate of those documents be set aside.

On November 13, 1978, pursuant to respondents' motion, the trial

court dismissed the second amended complaint with prejudice. In a concise memorandum, the trial court explained its determination that: (1) as the probate of the codicil was not attacked within the statutory period, it cannot be set aside pursuant to an amended complaint filed after the expiration of the period, and (2) as the codicil republished and reaffirmed all dispositive provisions of the original will, any impropriety in the execution of the original will would not prevent those dispositive provisions from taking effect as a result of the codicil, the validity of which was not timely challenged.

Petitioners appeal disputing the trial court's reasoning that the validity of the codicil was not timely challenged. They maintain that: (1) the will and the codicil became one instrument after their admission to probate; (2) section 8—1 of the Probate Act of 1975 is not a limitation statute but one conferring jurisdiction; (3) the court obtained jurisdiction of the subject matter upon filing of the original complaint within 6 months; (4) the execution of the original will and codicil involve a single transaction; and (5) the 6 months period of section 8—1 did not prevent raising the question of the execution of the codicil by the second amended complaint because section 46(2) of the Civil Practice Act permits the amendment of a complaint, timely filed, to set forth a cause of action arising out of the same transaction as that alleged in the original complaint. Petitioners do not dispute the reasoning of the trial court that if the execution of the codicil could not have been attacked after the 6 months period, the codicil's republication and reaffirmation of the original will rendered moot any question of the situation concerning the original will's execution.

Respondents also interpret section 8—1 of the Probate Act of 1975 as a statute conferring jurisdiction on the court. They assert, however, that the will and the codicil are separate instruments whose executions are separate acts not arising out of the same transaction. They maintain that the trial court lacked subject matter jurisdiction to consider the validity of the codicil and that, even if the court had jurisdiction, it would be error for it to do so.

No issue exists as to who is entitled to serve as executor because neither the person originally named nor the entity named in the codicil was both willing and able to serve.

Petitioners rely partially upon a theory that a will and a subsequently executed codicil are so unified by their joint admission to probate that an action contesting the validity of the will automatically attacks the execution of both documents. We need not pass upon that theory in the abstract, however, because here the original and first amended complaints made specific mention of the May 20, 1966, document alone. The February 15, 1969, document was not mentioned until the filing of the

second amended complaint. Accordingly, we reject application of that theory to this case.

As article VI, section 9 of the Illinois Constitution of 1970 vests the circuit courts with jurisdiction of "all justiciable matters" with exceptions not applicable here, we question the parties' analysis of the problem here as involving a question of subject matter jurisdiction. All of the cases cited for support concern the jurisdiction of courts existing prior to the effective date of the Judicial Article of 1962 which first introduced the concept of a unified trial court with plenary jurisdiction (Ill. Const. 1870, art. VI (1964)). In *People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456, the supreme court held that in view of the foregoing constitutional change, a circuit court's jurisdiction in a criminal case was not dependent upon the sufficiency of the charge. Failure to file procedural requirements for the probate of a will was held not to deprive a circuit court of jurisdiction to enter a valid order admitting a will to probate in *In re Estate of Marcucci* (1972), 5 Ill. App. 3d 484, 285 N.E.2d 141. See also *Lopin v. Cullerton* (1977), 46 Ill. App. 3d 378, 361 N.E.2d 6.

We recognize, however, that some decisions seem to indicate that despite the plenary jurisdiction of the circuit court, that court acquires subject matter jurisdiction only by following the statutory procedure where the cause of action is purely a product of the statute. See *Zalduendo v. Zalduendo* (1977), 45 Ill. App. 3d 849, 360 N.E.2d 386; *People v. Byrnes* (1975), 34 Ill. App. 3d 983, 341 N.E.2d 729; *In re Jennings* (1975), 32 Ill. App. 3d 857, 336 N.E.2d 786, *aff'd & rem.* (1977), 68 Ill. 2d 125, 368 N.E.2d 864; *Logsdon v. Nolen* (1969), 108 Ill. App. 2d 46, 248 N.E.2d 525; *La Salle National Bank v. Hoffman* (1971), 1 Ill. App. 3d 470, 274 N.E.2d 640.

In any event, we do not deem the tardiness in filing the second amended complaint to have deprived the circuit court here of jurisdiction to hear the matters set forth therein. In *Nupnau v. Hink* (1965), 33 Ill. 2d 285, 211 N.E.2d 379, the court held that the circuit court had jurisdiction of a will contest suit filed prior to the effective date of the Judicial Article of 1962 although necessary parties were not joined within the then required 9 months period for filing suit. The court stated: "By the express and unqualified words of the statute itself jurisdiction is invoked when a 'complaint' is 'filed' within the statutory period." (33 Ill. 2d 285, 288, 211 N.E.2d 379, 381.) Similarly in *Sinnet v. Bowman* (1894), 151 Ill. 146, 37 N.E. 885, the trial court was held to have had jurisdiction to consider whether a will had been procured by fraud although that issue was raised in the will contest suit for the first time by an amendment filed after the expiration of the statutory time for filing suit. See also *Stephens v. Collison* (1911), 249 Ill. 225, 94 N.E. 664; *Krunfus v. Winkelhake* (1963), 44 Ill. App. 2d 124, 194 N.E.2d 24.

■■ Although we determine that the court had jurisdiction to consider the attack on the codicil made for the first time by the second amended complaint, we must also consider whether it was procedural error not to do so. This question turns upon application of section 46 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 46). Section 46(1) permits amendments to pleadings at "any time before final judgment * * * on just and reasonable terms, * * * adding new causes of action * * *." Section 46(2) states:

> "The cause of action, cross demand or defense set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted, or the defense or cross demand interposed in the amended pleading grew out of the same transaction or occurrence set up in the original pleading * * * for that purpose only, an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended."

Case law recognizes the liberality with which amendments under section 46(2) are to be allowed. In *Metropolitan Trust Co. v. Bowman Dairy Co.* (1938), 369 Ill. 222, 15 N.E.2d 838, an action was brought under the Wrongful Death Act (Ill. Rev. Stat. 1937, ch. 70, pars. 1 and 2) which required that, as a condition precedent to bringing any such action, the complaint be filed within one year from the death giving rise to the suit. The supreme court held that under section 46, the trial court properly permitted the plaintiff to amend the complaint to change the theory of recovery. The original complaint had alleged that plaintiff's decedent, a pedestrian, was struck by defendant's milk wagon. The amended complaint alleged that the negligent operation of that milk wagon caused a truck driven by another party to strike the decedent. The explanation given by the court was much broader than the holding. It stated:

> "Briefly summarized, section 46 permits any amendment of a pleading, filed in apt time, after the time limited for commencing suit to set up a cause of action on any claim which was intended to be brought by the original pleading, provided, only, that it grew out of the same transaction or occurrence, and it is not necessary that the original pleading technically state a cause of action, or that a cause of action set out in the amendment be substantially the same as any cause of action stated in the original pleading. The term 'same transaction or occurrence,' so used in the statute, means the same suit. These changes, together with the judicial construction of the prior statutes, evince the legislative intent to

remedy the evils incident to the former legislation and to preserve causes of action against loss by reason of technical rules of pleading." 369 Ill. 222, 229, 15 N.E.2d 838.

As pointed out by petitioners, it is noteworthy that in *Metropolitan Trust Co.*, as in the instant case, relief not permitted under the common law was sought in a statutory proceeding where timeliness in filing the complaint is a condition precedent to a cause of action.

A broad interpretation of the term "transaction" has been followed in *Allen v. Kewanee Machinery & Conveyor Co.* (1974), 23 Ill. App. 3d 158, 318 N.E.2d 696, and *Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 302 N.E.2d 64. In *Aurora Sanitary District v. Randwest Corp.* (1970), 123 Ill. App. 2d 444, 258 N.E.2d 817, suit was brought against various developers for charges for connection to the plaintiff's drains. Although reversing a summary judgment for the plaintiff, the court stated by way of dictum that an amendment to the complaint seeking charges against one developer for a subdivision not referred to in the original complaint was properly allowed under section 46 (2) of the Civil Practice Act because it grew out of the same transaction.

Black's Law Dictionary (4th ed. 1968) includes within the definition of the word "transaction" the following:

"Something which has taken place, whereby a cause of action has arisen. It must therefore consist of an act or agreement, or several acts or agreements having some connection with each other, in which more than one person is concerned, and by which the legal relations of such persons between themselves are altered. Baker v. S. A. Healy Co., 302 Ill. App. 634, 24 N.E.2d 228, 234."

In *Baker*, the court ruled that 62 plaintiffs were properly joined in a complaint against a contractor, a sanitary district, and the City of Chicago seeking to recover for damages occurring from a series of explosions caused by blasting during the construction of a sanitary sewer and for soil subsidence also resulting from the construction. The court held that the causes of action arose out of the same transaction or series of transactions within the meaning of section 23 of the Civil Practice Act (Ill. Rev. Stat. 1939, ch. 110, par. 147). The quotation appearing in Black's Law Dictionary was taken from *VanMeter v. Goldfarb* (1925), 317 Ill. 620, 148 N.E. 391, which concerned the use of the term "transaction" within the meaning of the so-called "Dead Man's Act." Ill. Rev. Stat. 1923, ch. 51, par. 2.

■■ It is a well-settled general rule that "for the purpose of determining the testamentary intention and disposition of the testator, a will and codicil thereto are to be regarded as a single entire instrument, *taking effect at the time of the testator's death.*" (Emphasis added.) (79 Am. Jur. 2d *Wills* § 680, at 765 (1975); see also *Lasier v. Wright* (1922), 304 Ill. 130,

136 N.E. 545.) Here, the execution of the original will and the codicil were separate acts occurring several years apart. They did not alter the legal relationship of the parties until they were simultaneously admitted to probate, thus combining to take effect as of the time of the death of Elsie M. Thomas as the manifestation of her testamentary intent. Those various acts of executing the will and the codicil were thus part of the same transaction which culminated in determining the rights, if any, of the parties to the testator's property.

The execution of the original will and the codicil were part of the same transaction. The trial court was in error in concluding that the allegations of the amended complaint were not before it and in dismissing the case. We reverse the judgment dismissing the case and remand to the circuit court of Scott County for further proceedings.

Reversed and remanded.

REARDON, P. J., and MILLS, J., concur.