LEOTA HIGGINS *et al.*, Plaintiffs-Appellants, *v.* EVELYN STOCKMAN, Indiv. and as Ex'r of the Last Will and Testament of Fred Clankie, Deceased, *et al.*, Defendants-Appellees.

Second District   No. 82—102

Opinion filed December 14, 1982.—Rehearing denied February 7, 1983.

John A. Strom and Charles T. Sewell, both of Strom, Strom, Oakley & Ellis, of Belvidere, for appellants.

Mark W. Boswell, of Reno, Zahm, Folgate, Lindberg and Powell, of Rockford, for appellees.

JUSTICE LINDBERG delivered the opinion of the court:

The issue presented for review is whether a will contest must be filed in the related probate action, or whether it also may be filed separate from the probate action in another division of the circuit court. The issue requires this court to determine whether other divisions of the circuit court have subject-matter jurisdiction to hear will contests.

Decedent Fred Clankie died testate on September 22, 1974. His will named defendants Evelyn Stockman and Tena Kingsley as legatees and devisees. On February 20, 1975, plaintiffs, heirs of decedent, filed the present will contest in the general division of the circuit court of Winnebago County. The complaint referred to defendants as proponents of the will and to the probate proceedings (which were in the probate division of that same court).

The parties proceeded with discovery. On May 4, 1977, the general division dismissed the will contest on its own motion for want of prosecution. On May 5, 1978, plaintiffs successfully moved to vacate that dismissal. Meantime, however, in December 1977, defendants had closed decedent's estate and the probate division had distributed the assets. Plaintiffs' attorney admitted in oral argument that plaintiffs had notice of this distribution, but he failed to explain why plaintiffs did not then protest.

In any event, the parties reinstituted discovery after May 1978, and plaintiffs filed a certificate of readiness for trial on November 26, 1979.

Plaintiffs subsequently amended their complaint twice—once to substitute as defendant the executor of the Tena Kingsley estate, and once to add a new count alleging a breach of a fiduciary relationship by defendant Stockman.

On July 10, 1981, defendants moved to dismiss the complaint because the circuit court lacked subject-matter jurisdiction. Defendants contended that under the Probate Act (Ill. Rev. Stat. 1975, ch. 3, par. 90), a will contest may be filed only "in the proceeding for the administration of the testator's estate." Plaintiffs moved to consolidate their complaint with the then-closed probate proceedings. However, the circuit court on September 30, 1981, granted the motion to dismiss. This appeal followed.

Illinois probate law at the time of the filing of the original complaint was codified in chapter 3 of the Illinois Revised Statutes of 1975. Section 90 provided:

"Within 6 months after the admission to probate of a domestic or foreign will in any court of this State, any interested person may file a petition *in the proceeding for the administration of the testator's estate* to contest the validity of the will. The right to institute or continue a proceeding to contest the validity of a will survives and descends to the heir, legatee, devisee, executor, administrator, grantee, or assignee of the person entitled to institute the proceeding. Upon the filing of the petition, process shall be issued, served and returned as in other civil cases." (Emphasis added.) Ill. Rev. Stat. 1975, ch. 3, par. 90.

Defendants contend the statute limits subject-matter jurisdiction over will contests to probate proceedings. Plaintiffs contend the statute is a waivable venue provision.

Defendants' contention—that the language is jurisdictional—is based upon the fact that the right to contest a will is a statutory right, and circuit courts generally may entertain subject-matter juris-

diction over such suits only "in the mode and under the limitations prescribed by the statute." (*Ruffing v. Glissendorf* (1968), 41 Ill. 2d 412, 416-17.) In *Ruffing*, the supreme court held the statutory time limit within which to institute a will contest was jurisdictional. (41 Ill. 2d 412, 419.) The decision was based on the historical origins of will contests and on public-policy concepts that clouds on probate property ought to be cleared.

Plaintiffs' contention—that the language is a waivable venue provision—is based on the Illinois Constitution, which provides that circuit courts have almost unlimited jurisdiction over all justiciable matters. (Ill. Const. 1970, art. VI, sec. 9.) Circuit courts have various divisions such as probate (*In re Marriage of Peshek* (1980), 89 Ill. App. 3d 959, 967, 412 N.E.2d 698, 704), but those divisions are not jurisdictional. *Ryan v. Miller* (1978), 58 Ill. App. 3d 283, 285, 374 N.E.2d 257, 258.

■ Recent decisions of the supreme court indicate that neither contention is totally correct. The statutory provision, directing as it does the procedure for will contests, is not jurisdictional or venue-related; rather, it is a mandatory prerequisite to bringing the contest in the first instance. (*In re Custody of Sexton* (1981), 84 Ill. 2d 312.) Like venue provisions, mandatory prerequisites are waivable. (84 Ill. 2d 312, 319.) The *Sexton* court implied that such prerequisites cannot impose jurisdictional limits because the constitution grants circuit courts broad jurisdiction. 84 Ill. 2d 312, 319-20.

*Ruffing v. Glissendorf* (1968), 41 Ill. 2d 412, does not hold otherwise. *Ruffing* made clear that time limits for will contests are jurisdictional—and this is so despite the constitution—because of the historical origins and public-policy considerations involving probate contests. Although *Ruffing* could be construed as authority for holding that the place of filing a will contest also is jurisdictional, we decline to so hold for two reasons.

First, the constitutional provision involved in the present case does not address time limits, but arguably it is quite explicit on where a suit may be filed—in circuit court. This constitutional provision weighs heavy against those who would segment the circuit court into jurisdictional divisions. The provision is supported by Supreme Court Rule 132, which provides that misdesignation of division "shall not affect the jurisdiction of the court." (87 Ill. 2d R. 132.) And case law holds that each division of the circuit court has equal and concurrent subject-matter jurisdiction. (*Lescher v. Barker* (1978), 57 Ill. App. 3d 776, 373 N.E.2d 1007.) In short, the constitutional provision is more relevant to where a suit may be filed than to when it may be filed.

■ Second, public-policy considerations in the present case are not as compelling as in *Ruffing*. Time limits act to clear clouds on probate property by forcing contestants to litigate now or forever be barred. The property then can pass after the time limit without question. Requirements relating to where a suit can be filed are not as compelling since the cloud on probate property, if any, is apparent from the filing of a timely contest; the cloud invokes no surprise; it just happens to hang over from another division of the same court.

Clearly, a specific constitutional expression outweighs any present public-policy considerations.

The statute is a waivable mandatory prerequisite. And that prerequisite has been long waived.

Regardless, the unique—if not a bit extreme—facts of this case require us to affirm the cause. A cloud still hangs over decedent's probate property eight years after his death and five years after distribution. This is due largely to the fact that plaintiffs managed to reinstate their cause subsequent to distribution of the estate. Because plaintiffs, for whatever reason, let the estate be distributed without immediate protest, they are left with no *res* as the subject matter for their cause of action.

They assert in their reply brief and in oral argument that they may reopen the estate pursuant to section 24—9 of the Probate Act (Ill. Rev. Stat. 1981, ch. 110½, par. 24—9), which provides that a party may reopen an estate to administer "a newly discovered asset or of an unsettled portion of the estate." The supreme court has termed that provision "explicit" and denied its application where there are no new assets and the estate was settled. See *Commercial National Bank v. Bruno* (1979), 75 Ill. 2d 343, 349.

Such is the case here, and we see no basis for the cause to proceed.

Accordingly, the judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

VAN DEUSEN and HOPF, JJ., concur.