*In re* ESTATE OF CLARA ANNA OLSEN, Deceased (John David Olson *et al.*, Plaintiffs-Appellees, v. Charles K. Olson, Ex'r of the Estate of Clara Anna Olsen, Defendant-Appellant—Lillian F. Nelson *et al.*, Defendants).

Second District No. 83—288

Opinion filed December 20, 1983.

Richard A. Palmer, of Ward, Murray, Pace & Johnson, of Sterling, for appellant.

Stephen C. Pemberton and William P. Fearer II, both of Fearer & Nye, of Oregon, for appellees.

JUSTICE NASH delivered the opinion of the court:

Defendant, Charles Olson, as executor of the estate of Clara Anna Olsen, deceased, appeals pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308) from an order of the circuit court which denied the executor's motion to dismiss a petition to contest decedent's will and granted the motion of plaintiffs will-contestants to transfer their petition from the chancery division to the probate division of the circuit court.

Clara Olsen died testate on October 21, 1980; her will was admitted to probate in the probate division of the circuit court of Ogle

County on November 20, 1980, and Charles Olson was appointed executor. On April 9, 1981, plaintiffs, John, Glen and Marvin Olson, Melinda Kesler and Leon Erstad filed a petition to contest the validity of decedent's will in the chancery division of circuit court as a new action, and not in the same proceeding in the probate division of the court where the estate was being administered. The petition alleged decedent lacked testamentary capacity to execute the will and that Charles Olson and his wife, Martha, had exerted undue influence on her. The petition joined Charles Olson as a party in his individual capacity, but not in his capacity as executor of decedent's estate.

On May 12, 1981, Charles and Martha Olson filed a motion to dismiss the will-contest petition on the ground Charles Olson, as executor of the estate, was a necessary party to the action and had not been joined. (See Ill. Rev. Stat. 1981, ch. 110½, par. 8—1(a).) On June 25, 1981, on plaintiffs' motion Charles Olson, as executor, was joined as a party-respondent to the petition and on July 23, the executor moved to dismiss the petition contesting decedent's will on the ground plaintiffs had failed to file their action in the proceeding for the administration of the testator's estate as is required by section 8—1(a) of the Probate Act of 1975 (Ill. Rev. Stat. 1979, ch. 110½, par. 8—1(a)). For reasons which do not appear of record, the executor's motion to dismiss was not heard until January 8, 1982. On January 6, plaintiffs moved to transfer the will-contest petition from the chancery division to the probate division of the circuit court for consolidation with the estate proceeding, and both pending motions were heard by the trial court on January 8. The trial court thereafter denied the executor's motion to dismiss, granted plaintiffs' motion to transfer and certified the following questions to this court pursuant to Supreme Court Rule 308:

1. Whether plaintiffs' failure to file their petition to contest the will in the probate proceeding within six months after admission of the will requires its dismissal where the petition was filed in another division of the circuit court within the six-month period and thereafter transferred to the probate division for consolidation with the estate proceeding;

2. Whether the executor waived any objection to the place of filing and subsequent transfer;

3. Whether the consolidation of all Illinois courts of original jurisdiction into one circuit court would operate to authorize the transfer of the petition to the probate proceeding in this case.

Section 8—1(a) of the Probate Act of 1975 provides, as pertinent:

"Within 6 months after the admission to probate of a domes-

tic will in accordance with the provisions of Section 6—4, or of a foreign will in accordance with the provisions of Article VII, any interested person may file a petition *in the proceeding for the administration of the testator's estate* or, if no letters were issued, in the court in which the will was admitted to probate, to contest the validity of the will. The representative, if any, and all heirs and legatees of the testator must be made parties to the proceeding and the petition must state, if known, their names and post office addresses and whether any of them is a minor or disabled person." (Emphasis added.) Ill. Rev. Stat. 1979, ch. 110½, par. 8—1(a).

It is well established that the statutorily prescribed six-month period for bringing a will contest is jurisdictional and, if a will is not contested in a direct proceeding within that time, its validity is established. (*Robinson v. First State Bank* (1983), 97 Ill. 2d 174, 183, 454 N.E.2d 288; *Ruffing v. Glissendorf* (1968), 41 Ill. 2d 412, 416, 243 N.E.2d 236.) In this case we must determine whether the place in which a timely will contest is filed is also jurisdictional.

■ This court considered similar circumstances in *Higgins v. Stockman* (1982), 111 Ill. App. 3d 457, 444 N.E.2d 191, *appeal denied* (1983), 94 Ill. 2d 552, wherein the will contestants filed their petition within the six-month period, but also did so in a division of the circuit court other than the probate division where the estate was being administered. The court there concluded that the statutory requirement that a will contest be filed in the same proceeding in which the estate was administered was a mandatory prerequisite, but it had been waived by lack of objection by the administrator of that estate for over six years. The court also held in *Higgins* that while the time of filing a will contest is clearly jurisdictional, because of historical and public policy considerations relating to will contests, the jurisdictional grant of the Illinois Constitution to circuit courts (Ill. Const. 1970, art. VI, sec. 9) would preclude a holding that the statutorily designated place in the circuit court for filing a will contest is also jurisdictional. (111 Ill. App. 3d 457, 459.) Prior to the effective date of the Judicial Article of 1962, a will contest was a creature of statute and jurisdiction was thus dependent upon strict compliance with its terms. Since then, however, as it is a justiciable matter, the only condition precedent to the exercise of jurisdiction by the circuit court is that a will contest be filed within the time limited by the statute. *In re Estate of Mears* (1982), 110 Ill. App. 3d 1133, 1138, 443 N.E.2d 289, *appeal denied* (1983), 93 Ill. 2d 541; *Watt v. Farmers State Bank & Trust Co.* (1979), 71 Ill. App. 3d 455, 458, 389 N.E.2d 947. But see *In*

*re Estate of Spaits* (1983), 117 Ill. App. 3d 142, 453 N.E.2d 39.

In the present case, the petition to contest decedent's will was filed in the circuit court of Ogle County within six months after admission of the will to probate in that court. It should have been filed in the probate division in the same proceeding in which the estate was being administered but, instead, a new action was commenced in the chancery division of that court. It follows that plaintiffs failed to comply with the mandatory prerequisite of section 8—1(a), as the petition was not filed in the same proceeding as the estate within the requisite six-month period. Nor can we say that the executor waived compliance with this aspect of the statute, as in *Higgins v. Stockman*, for he sought dismissal of the petition on that grounds less than four months after it was filed.

█ The essential issue to consider in this case then is whether plaintiffs' failure to initially comply with the procedural requirement of the statute that the will contest be filed in the proceeding for administration of the estate was cured when the trial court granted plaintiffs' motion to transfer the petition from chancery to the probate proceeding after expiration of the six-month period. We conclude the procedural error was thus corrected.

The circuit courts have almost unlimited jurisdiction over all justiciable matters (Ill. Const. 1970, art. VI, sec. 9) and Supreme Court Rule 132 (87 Ill. 2d R. 132) provides that misdesignation of a case as to circuit court division shall not affect the jurisdiction of the court. Generally, the organization of the court into divisions is for administrative purposes only. (*Djomlija v. Urban* (1982), 107 Ill. App. 3d 960, 968, 438 N.E.2d 558; *In re Marriage of Peshek* (1980), 89 Ill. App. 3d 959, 966-67, 412 N.E.2d 698.) Where a cause is filed in the wrong division of the circuit court, the appropriate remedy for such misfiling is to transfer the matter to the proper division rather than dismiss the suit. (*Jamal v. Jamal* (1968), 98 Ill. App. 2d 180, 188-89, 240 N.E.2d 246; *Matchett v. Rose* (1976), 36 Ill. App. 3d 638, 646-47, 344 N.E.2d 770.) A notable exception to the rule relates to the assertion of a claim against an estate under section 18—1 of the Probate Act of 1975 (Ill. Rev. Stat. 1981, ch. 110½, par. 18—1), but we do not consider that to be relevant here. See *In re Estate of Worrell* (1982), 92 Ill. 2d 412, 419, 442 N.E.2d 211.

As the circuit court of Ogle County acquired jurisdiction over the will contest upon the timely filing of the petition, omitted necessary parties could be joined at any time prior to final judgment (*In re Estate of Mears* (1982), 110 Ill. App. 3d 1133, 1138, 443 N.E.2d 289; *Watt v. Farmers State Bank & Trust Co.* (1979), 71 Ill. App. 3d 455,

458, 389 N.E.2d 947, *appeal denied* (1979), 79 Ill. 2d 619; Ill. Rev. Stat. 1981, ch. 110, par. 2—616; Ill. Rev. Stat. 1981, ch. 110½, par. 1—6), and the matter transferred to the proper proceeding in that court in the exercise of its jurisdiction. (*Holland Asphalt Paving Co. v. Bank Building & Equipment Corp.* (1978), 57 Ill. App. 3d 751, 753, 373 N.E.2d 501.) The executor has not asserted any prejudice would accrue to decedent's estate or the beneficiaries under the will if the petition contesting it is transferred to the correct proceeding seven months after the expiration of the period within which it should have originally been filed there. (See *In re Estate of Breault* (1969), 113 Ill. App. 2d 356, 362, 251 N.E.2d 910, *appeal denied* (1969), 42 Ill. 2d 583.) There is no explanation in the record why the executor's motion to dismiss was not adjudicated until five months after it was filed, and the will contestants sought transfer prior to resolution of the motion to dismiss their petition. We conclude the trial court did not abuse its discretion in ordering the transfer.

Accordingly, we respond in the negative to certified questions one and two and in the affirmative as to question three. The judgment of the circuit court is affirmed and this cause remanded for further proceedings.

Judgment affirmed and remanded.

LINDBERG and UNVERZAGT, JJ., concur.