ELDA NELSON, Indiv. and as Special Adm'r of the Estate of Robert Nelson, Deceased, Plaintiff-Appellant, v. KEENE CORPORATION et al., Defendants-Appellees.—PATRICIA DUNNING, Indiv. and as Special Adm'r of the Estate of Colette Fitzsimmons, Deceased, Plaintiff-Appellant, v. KEENE CORPORATION et al., Defendants-Appellees.

First District (1st Division)   Nos. 1—92—2875, 1—92—2876 cons.

Opinion filed August 12, 1996.

8

Terrence M. Johnson and David A. Novoselsky & Associates, both of Chicago (David A. Novoselsky and Kevin S. Besetzny, of counsel), for appellants.

Robert H. Riley, Catherine Masters Epstein, and Thomas P. Heneghan, all of Schiff, Hardin & Waite, of Chicago, for appellee Owens-Illinois, Inc.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Daniel J. Cheely, and Paul B. O'Flaherty, Jr., of counsel), for appellee ACandS, Inc.

Jack L. Block, Robert H. Nathan, and Angela Y. Im, all of Sachnoff & Weaver, Ltd., of Chicago, for appellee Flintkote Co.

Michael P. Connelly and Daniel R. Karon, both of Connelly, Mustes & Schroeder, of Chicago, for appellee Fibreboard Corp.

Miriam Farkas Glueck, Dennis J. Dobbels, and Joseph W. Lampo, all of Polsinelli, White, Vardeman & Shalton, of Kansas City, Missouri, for appellee Pittsburgh-Corning Corp.

Heyl, Royster, Voelker & Allen, of Peoria (Karen L. Kendall, Christopher P. Larson, and Brad A. Elward, of counsel), for appellees Armstrong World Industries, Inc., GAF Corp., and Asbestos Claims Management Corp.

JUSTICE BRADEN delivered the opinion of the court:

Plaintiffs, Elda Nelson and Patricia Dunning, appeal the judgment of the circuit court of Cook County dismissing their actions for lack of jurisdiction. On appeal, they opine that their complaints were erroneously dismissed.

We affirm.

On April 23, 1987, plaintiffs filed petitions pursuant to Supreme

Court Rule 217 (134 Ill. 2d R. 217), seeking to preserve the testimony of two terminally ill persons, Robert Nelson and Colette Fitzsimmons, whose fatal conditions allegedly resulted from exposure to asbestos. Nelson was a former asbestos worker who was exposed to the substance on a daily basis. Fitzsimmons, a teacher, was exposed to asbestos at school where she taught. Both Nelson and Fitzsimmons developed malignant mesothelioma, a cancer caused by exposure to asbestos.

Rule 217, a discovery rule, provides for the taking of depositions in order to perpetuate testimony. Anticipating future litigation and the deaths of Nelson and Fitzsimmons, plaintiffs sought to videotape their depositions. In June 1987, the depositions of Nelson and Fitzsimmons were taken. Fitzsimmons died in September 1987; Nelson died in November of that year.

On October 15, 1987, plaintiffs submitted two motions, one pertaining to the Nelson case and one pertaining to the Fitzsimmons case. These motions, bearing the docket numbers of the Rule 217 proceedings, requested leave to file complaints for damages against defendants, Keene Corporation, ACandS, Inc., Armstrong World Industries, Inc., the Flintkote Company, Fibreboard Corporation, National Gypsum, Owens-Corning Fiberglas Corporation, Pittsburgh-Corning Corporation, Turner & Newall, P.L.C., GAF Corporation, United States Gypsum Company, Owens-Illinois, Inc., Rock Wool Manufacturing Company, Carey Canada, Inc., Celotex Corporation, Crown Cork & Seal Company, Eagle-Picher Industries, Inc., H.K. Porter Company, Inc., and Nicolet, Inc.

Appended to the motions for leave to file were the actual complaints. The motions for leave to file and the notice of the motions were mailed to defendants. Plaintiffs delivered the complaints to the deputy clerk assigned to the courtroom of the trial judge presiding over the Rule 217 proceedings. Plaintiffs' counsel stamped the complaints as filed in the chambers of the trial judge. Plaintiffs never paid a filing fee nor did they obtain new docket numbers for the actions they sought to commence. Defendants were never served with either summonses or complaints. None of the defendants filed appearances, responsive pleadings (with the exception of one which filed an answer with respect to Nelson) or any other motion indicative of the belief that a complaint had been filed. There was silence between the parties until October 1989.

On October 10, 1989, plaintiffs' counsel amended the Nelson complaint, naming the same defendants. Defendants again filed no appearances or responsive pleadings. In December 1990, plaintiffs' cases were set for trial, which was to begin on November 1, 1991. On Janu-

ary 24, 1991, ACandS filed a special and limited appearance, moving to dismiss the actions based upon lack of jurisdiction. ACandS argued that because it was not served with summonses and complaints, no actions were pending and the trial court had no jurisdiction over it. Several of the remaining defendants also moved to dismiss, filing special and limited appearances to contest the jurisdictional issue.

On December 12, 1991, the trial court granted the motions to dismiss, finding that no action had commenced and that it 'was without jurisdiction to proceed to trial on the matter. The trial court explained:

> "By granting the motion and entering the order of October 15, 1987 allowing the complaint to be filed *instanter* and allowing defendants time certain within which to answer or otherwise plead I believe I did not confer jurisdiction. It doesn't matter what the court's intention was. It could not confer jurisdiction.
>
> Indeed this Court had and continues to have limited jurisdiction under Rule 217. Any exercise of jurisdiction beyond what was conferred under Rule 217 was and would be in error. It would be a violation of the constitutional rights as well as the Illinois Code of Civil Procedure.
>
> Defendants' conduct did not confer jurisdiction. The Court never invoked its power to adjudicate a dispute to grant relief beyond [the Rule] 217 proceedings ***."

On December 27, 1991, plaintiffs served summonses and complaints on defendants. These complaints were the same complaints that were delivered to the deputy clerk in the trial judge's chambers on October 15, 1987, still bearing the docket numbers of the Rule 217 proceedings. Plaintiffs failed to file the complaints with the appropriate clerk of the circuit court and to pay the requisite filing fee. ACandS filed a motion to quash, alleging that, as the complaints were not filed in accordance with circuit court rules, there were no pending complaints and that service of "null" complaints was ineffective. The other defendants filed similar motions to quash or joined ACandS's motion. Defendants' motions were granted and plaintiffs appeal.

■ Plaintiffs question the propriety of the trial court's dismissal of their complaints for lack of jurisdiction. Section 2—201(a) of the Civil Practice Law (735 ILCS 5/2—201(a) (West 1994)), unambiguously establishes the procedural steps essential to the commencement of a civil action. It states:

> "Every action, unless otherwise expressly provided by statute, shall be commenced by the filing of a complaint. The clerk shall issue summons upon request of the plaintiff. The form and substance of the summons, and of all other process, and the issu-

ance of alias process, and the service of copies of pleadings shall be according to the rules." 735 ILCS 5/2—201(a) (West 1994).

■ General jurisdiction is invoked in the trial court when an action is filed and a summons is issued and served upon the defendant according to law. *Ryan v. Miller*, 58 Ill. App. 3d 283, 374 N.E.2d 257 (1978). The objective of process service is threefold: (1) It notifies the defendant of pending litigation; (2) it enables the defendant to appear and defend; and (3) it vests jurisdiction in the trial court over both the controversy and the defendant. *Charter Bank & Trust v. Novak*, 218 Ill. App. 3d 548, 578 N.E.2d 629 (1991). Any judgment rendered absent the proper service of a summons is void *ab initio* for lack of jurisdiction over the defendant. *Meldoc Properties v. Prezell*, 158 Ill. App. 3d 212, 511 N.E.2d 861 (1987).

■ Plaintiffs' conduct in this case ignored all of the aforementioned well-established procedural rules for filing a civil complaint. They do not dispute their disregard of these rules. Instead, they submit that the delivery of the complaints with the deputy clerk in the trial judge's courtroom and the stamping of the complaints with the appropriate date constitutes a sufficient filing in the circuit court of Cook County. We reject this submission, as we are cognizant of General Order 1.4 of the General Orders of the circuit court of Cook County, which states:

"Actions commenced on and after September 4, 1984 in the several departments, divisions, and districts of the Circuit Court of Cook County shall be filed in the following offices of the Clerk of the Court:

COUNTY DEPARTMENT

Law Division, Room 801, Richard J. Daley Center, Chicago[.]"

Plaintiffs' complaints should have been filed with the clerk of the court in room 801 of the Daley Center. There is no provision in the General Orders that sanctions the manner of filing that occurred in this case. There is likewise no such provision in the Code of Civil Procedure. The precise issue in this case was visited by this court in *Riley v. Jones Brothers Construction Co.*, 198 Ill. App. 3d 822, 556 N.E.2d 602 (1990). In *Riley*, the plaintiff attempted to file an amended complaint by delivering it to the deputy clerk in the trial judge's courtroom, rather than filing it with the clerk of the circuit court in Room 801 of Daley Center, the appropriate division. We found that the plaintiff's delivery of the amended complaint to the deputy clerk in the courtroom constituted an ineffectual filing of a complaint. Application of the finding in *Riley* to this case compels us to conclude that plaintiffs' delivery of the complaints to the deputy clerk in the courtroom of the trial judge was incompetent evidence that the complaint was filed.

The trial court's jurisdiction in this case solely encompassed the Rule 217 proceedings. The exercise of jurisdiction beyond that invoked with respect to the Rule 217 proceedings would have been in error. Proper jurisdiction was conferred upon the trial court for a limited objective and this confined jurisdiction never becomes all enveloping, effectively attaching to any and every action that the plaintiffs choose to bring. Moreover, jurisdiction for Rule 217 purposes is not portable. Limited jurisdiction of this nature cannot be transferred and applied to a new action, superseding the requirement of an independent jurisdictional foundation for the new action. The posture plaintiffs urge this court to take would both frustrate the rules of civil procedure and disregard the constitutional rights of defendants.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL, P.J., and WOLFSON, J., concur.