NOTICE

Decision filed 04/26/07. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-06-0224

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

In re ESTATE OF FRED W. HOWELL, Deceased

(Tina Quick and Stephen A. Quick, Petitioners-Appellants, v. Danny Thomas Howell, Executor, Respondent-Appellee).

) Appeal from the Circuit Court of
) Washington County.
)
) No. 05-CH-35
)
) Honorable Dennis G. Hatch,
) Judge, presiding.

_____

PRESIDING JUSTICE WELCH delivered the opinion of the court:

The petitioners, Tina Quick and Stephen A. Quick, appeal from the dismissal with prejudice by the circuit court of Washington County of their petition to contest the will of Tina's father, Fred W. Howell. The circuit court dismissed the petition on the ground that service had not been timely made upon the executor of the estate. For reasons that follow, we reverse the dismissal with prejudice and remand for further proceedings in the circuit court.

The decedent's estate was admitted to probate, and letters of office were issued to the executor on June 21, 2005. The petition to contest the will was filed on December 21, 2005. Although the petitioners, who were not represented by counsel, had captioned the petition as a probate matter to be filed in the pending probate case, the circuit clerk filed the matter as a chancery case, giving it a different case number than the probate case. At the hearing on the motion to dismiss, the circuit clerk testified that according to direction from the Administrative Office of the Illinois Courts, will contest petitions were to be filed in chancery rather than in probate. Accordingly, she assigned the case a chancery number and did not file it in the pending probate proceeding. A summons was issued by the circuit clerk

1

on December 21, 2005, and the petition and the summons were served by the sheriff on the executor 10 days later, on December 31, 2005.

On January 6, 2006, the executor filed his motion to dismiss the petition with prejudice, arguing that the petition had not been filed in the proper proceeding within six months of the admission of the will to probate and that the petitioner had failed to obtain service on the executor within six months of the admission of the will to probate, all in violation of section 8-1 of the Probate Act of 1975 (Probate Act) (755 ILCS 5/8-1 (West 2004)).

On April 4, 2006, the circuit court entered an order dismissing with prejudice the petition to contest the will. The court found that the filing of the petition as a chancery case did not deprive the court of jurisdiction to hear the matter and that the appropriate remedy for this error was not a dismissal but a transfer of the petition to the probate proceeding. However, the court found that the failure to serve the executor within six months of the admission of the will to probate was fatal, and it dismissed with prejudice the petition to contest the will.

Proceedings to contest the admission of a will to probate are governed by section 8-1 of the Probate Act (755 ILCS 5/8-1 (West 2004)). That section provides, in pertinent part, as follows:

"(a) Within 6 months after the admission to probate of a domestic will in accordance with the provisions of Section 6-4, *** any interested person may file a petition in the proceeding for the administration of the testator's estate or, if no proceeding is pending, in the court in which the will was admitted to probate, to contest the validity of the will.

(b) The petitioner shall cause a copy of the petition to be mailed or delivered to the representative, to his or her attorney of record, and to each heir and legatee

2

whose name is listed in the petition to admit the will to probate *** at the address stated in the petition or amended petition. Filing a pleading constitutes a waiver of the mailing or delivery of the notice to the person filing the pleading. Failure to mail or deliver a copy of the petition to an heir or a legatee does not extend the time within which a petition to contest the will may be filed under subsection (a) of this Section or affect the validity of the judgement entered in the proceeding." 755 ILCS 5/8-1(a), (b) (West 2004).

The six-month time limit set forth in section 8-1 for filing a petition to contest the admission of a will to probate is a statutory jurisdictional requirement, and without compliance with the applicable time limit, the circuit court loses jurisdiction to hear the will contest. *In re Estate of Mohr*, 357 Ill. App. 3d 1011, 1014 (2005). The justification for the construction of the statute as a limitation on the circuit court's jurisdiction is the necessity to expedite the administration and distribution of estates and to prevent undue delay in the settlement and determination of property interests created by a will. *In re Estate of Mohr*, 357 Ill. App. 3d at 1014. Limiting the time within which the validity of a will may be questioned helps to create stability in the administration of estates. *Robinson v. First State Bank of Monticello*, 97 Ill. 2d 174, 185 (1983). We note that the right to contest the validity of a will is purely statutory, and thus it must be exercised in the manner and within the time prescribed by the Probate Act. *In re Estate of Mohr*, 357 Ill. App. 3d at 1013.

Although in the instant case the petition to contest the validity of the will was filed on the last day of the six-month time limit, it was not filed in the proper proceeding, that is, the proceeding for the administration of the testator's estate. Nevertheless, while the time for filing a will contest is jurisdictional, filing it in the statutorily designated division of the circuit court is not a jurisdictional prerequisite. *In re Estate of Olsen*, 120 Ill. App. 3d 744, 746 (1983). The timely filing of a petition to contest the admission of a will to probate in the

3

wrong division of the circuit court is a procedural defect, not a jurisdictional defect. *In re Estate of Olsen*, 120 Ill. App. 3d at 747. Thus, it is curable. See *In re Estate of Olsen*, 120 Ill. App. 3d at 747.

In *In re Estate of Olsen*, 120 Ill. App. 3d at 747, the petitioners timely filed a petition contesting the admission of a will to probate, but they filed it in the chancery division of the circuit court instead of in the proceeding in the probate division where the estate was being administered. The executor moved to dismiss the petition, and the circuit court denied the motion, instead transferring the petition from chancery to the probate proceeding after the expiration of the six-month period. The executor appealed. The appellate court affirmed the decision of the circuit court, holding that where a cause is filed in the wrong division of the circuit court, the appropriate remedy for the misfiling is to transfer the matter to the proper division, rather than to dismiss the suit. *In re Estate of Olsen*, 120 Ill. App. 3d at 747. The court held that because the circuit court had acquired jurisdiction over the will contest upon the timely filing of the petition, the matter could be transferred to the proper proceeding in that court in the exercise of the court's jurisdiction. *In re Estate of Olsen*, 120 Ill. App. 3d at 747-48. Where the executor had not asserted that any prejudice would accrue to the estate or the beneficiaries under the will if the petition contesting the will was transferred to the correct proceeding, the circuit court did not abuse its discretion in so transferring it, even seven months after the expiration of the six-month period within which it should have originally been filed there. *In re Estate of Olsen*, 120 Ill. App. 3d at 748.

Similarly, in the case at bar the circuit court was not deprived of jurisdiction over the petition to contest the admission of the will to probate by virtue of its having been filed in the chancery division rather than in the pending probate proceeding. Nevertheless, the circuit court held as follows: "[I]t is not enough to merely commence the action within the limitation period; one must also effect service within that time period. If this were not the

4

case, the will contest could be filed and never acted upon because the parties had no notice of the cause of action." Accordingly, the circuit court dismissed the petition.

We note that the plain language of the statute does not require that service be effected within the six-month time period. Indeed, the statute sets no time limit for the service of the petition, but only for the filing of the petition. As the court stated in *In re Estate of Mohr*, 357 Ill. App. 3d at 1014, where a statute is clear and unambiguous, a circuit court should not restrict or enlarge its meaning or rewrite it to make it consistent with the court's idea of orderliness and public policy. While section 8-1 of the Probate Act sets forth a time limitation for the *filing* of a petition to contest the validity of a will, it does not set forth any time limitation for providing notice of that petition to the executor.

Furthermore, it has been held that the failure to include necessary parties, including executors, as defendants to an action to contest the validity of a will does not deprive the circuit court of jurisdiction to hear an otherwise properly filed will contest petition. In *Stephens v. Collison*, 249 Ill. 225, 236 (1911), it was held, "If the jurisdiction conferred is invoked by filing the bill within the time limited, the bill must be entertained, and the failure to make a necessary party a defendant to the bill within [the time limit] is not a failure to invoke the jurisdiction within [the time limit]." See also *Fleshner v. Copeland*, 13 Ill. 2d 72 (1958). In *Nupnau v. Hink*, 33 Ill. 2d 285, 288 (1965), it was held, "By the express and unqualified words of the statute itself jurisdiction is invoked when a 'complaint' is 'filed' within the statutory period." Accordingly, the failure to join necessary parties did not deprive the circuit court of jurisdiction over the timely filed complaint to contest the validity of a will. In *In re Estate of Olsen*, 120 Ill. App. 3d at 747, the appellate court held that because the circuit court had acquired jurisdiction over the will contest upon the timely filing of the petition, omitted necessary parties could be joined at any time prior to a final judgment.

Finally, in *In re Estate of Spaits*, 104 Ill. 2d 431 (1984), the supreme court

5

unequivocally held that the joinder of the executor within the six-month time limit is not jurisdictional. The court stated, "Had the General Assembly intended that the circuit court's exercise of jurisdiction require that all necessary parties be joined prior to the expiration of the six-month period, it would have been a simple matter to so state." *In re Estate of Spaits*, 104 Ill. 2d at 437. Because the failure to join the executor as a party defendant to a will contest action does not deprive the circuit court of jurisdiction to hear the matter, neither can the failure to serve the executor within the six-month time limit deprive the circuit court of jurisdiction.

Finally, we point out that the executor's reliance on *In re Estate of Worrell*, 92 Ill. 2d 412 (1982), is misplaced. That case involved the filing of claims against the estate, which is governed by statutory provisions different from those applicable to the case at bar.

For the foregoing reasons, the order of the circuit court of Washington County dismissing the petition to contest the will of Fred W. Howell is hereby reversed, and this cause is remanded to the circuit court for further proceedings not inconsistent with this order.

Reversed and remanded.

GOLDENHERSH and CHAPMAN, JJ., concur.

NO. 5-06-0224

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | |
|---|---|
| *In re* ESTATE OF FRED W. HOWELL, Deceased | ) Appeal from the Circuit Court of ) Washington County. ) |
| (Tina Quick and Stephen A. Quick, Petitioners-Appellants, v. Danny Thomas Howell, Executor, Respondent-Appellee). | ) No. 05-CH-35 ) ) Honorable Dennis G. Hatch, ) Judge, presiding. |

**Opinion Filed**:  April 26, 2007

**Justices**:  Honorable Thomas M. Welch, P.J.

Honorable Richard P. Goldenhersh, J., and
Honorable Melissa A. Chapman, J.,
Concur

**Attorney**
**for**
**Appellants**

Henry P. Villani, Villani & Villani, 320 South 11th Street, P.O. Box 1593,
Mt. Vernon, IL 62864

**Attorney**
**for**
**Appellee**

Jennifer W. Price, Wham & Wham, 212 E. Broadway, P.O. Box 549, Centralia, IL
62801